JOSEPH R. CLARK, Respondent, *v.* GEORGE C. TRAVER, Appellant.

Third Department, May 2, 1923.

Motor vehicles — action by invited guest to recover for injuries — owner required to exercise reasonable care — contributory negligence — guest should protest against apprehended danger — acquiescence in negligent operation of automobile is contributory negligence — question for jury whether guest acquiesced — verdict that guest was not guilty of contributory negligence not against evidence — objection to evidence not valid if not supported by stated grounds — not error to refuse to strike out medical testimony given on redirect examination of plaintiff's witness that injury might have caused present physical condition of plaintiff.

An owner of an automobile is required to exercise ordinary and reasonable care not to increase the danger of an invitee while in his car or to create any new danger.

On the other hand, a person riding in an automobile by invitation as the guest of the owner and driver should, in case of apprehended danger due to excessive or unlawful speed combined with the character of the road, protest to the driver against the danger, and unless delivered from it he should quit the car if that may be done with safety, or direct that the car be stopped and when stopped get out of it.

If, knowing of the existence of danger, the invitee acquiesces in it and is injured, he participates in the fault, is guilty of contributory negligence, and cannot recover for any injuries suffered.

It was a question for the jury in the present case whether or not the plaintiff by an indirect protest consisting of a statement to the driver that he was going too fast sufficiently protested against the speed of the car and the danger apprehended therefrom, and, under the evidence, the verdict of the jury that the plaintiff did not acquiesce in the danger and was not guilty of contributory negligence is not against the weight of the evidence.

An objection to the admission of testimony is not available on appeal unless the ground or grounds be assigned therefor at the time the objection is made so as to call the attention of the court to the illegality of the evidence, and, therefore, the mere statement by an attorney in objecting to a question, " I object to it," is insufficient.

It was not error for the court to refuse to strike out testimony by plaintiff's medical expert on redirect examination, which was admitted over an improper objection, that the then condition of the plaintiff might possibly be due to the accident, where, on cross-examination, the same witness had testified that if the condition did not develop within one week after the accident it might have arisen from some other cause than the accident.

KILEY, J., dissents.

APPEAL by the defendant, George C. Traver, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 6th day of February, 1922, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 27th day of January, 1922, denying defendant's motion for a new trial made upon the minutes.

*Schwarte, Slade, Harrington & Goldsmith [John A. Slade of counsel],* for the appellant.

*Henry F. Toohey,* for the respondent.

HASBROUCK, J.:

George C. Traver, the defendant, was a candidate for Member of Assembly in Saratoga county in 1921, and on September twenty-eighth, during the campaign, invited plaintiff, one Allen and two girls to ride with him from Schuylerville to Ketchums Corners to a church social. The invitation was accepted and the party had reached a point about four miles from Schuylerville when the car left the road and upset and injured the occupants.

The complaint charges the defendant with negligence in driving the car at an excessive rate of speed. The car was driven, according to the testimony of several witnesses, as the turn in the road where there was a guard rail at the foot of an incline which was from 60 to 100 feet from the place of the accident was approached, at the rate of from thirty-five to forty miles an hour. About a half a mile north of the place of the accident the plaintiff said, " George, you think you are in France," or " George thinks he is in France," and turned around and said to the girls, " Aren't we going too fast, Frances? "

It is well established that the duty which the defendant owed to the plaintiff as a licensee was to exercise ordinary and reasonable care, not to increase the danger of the plaintiff while thus in defendant's car or to create any new danger. (*Patnode* v. *Foote,* 153 App. Div. 494; *Rolfe* v. *Hewitt,* 227 N. Y. 490.) The trial court was justified in submitting to the jury the question as to whether the plaintiff was guilty of contributory negligence. What a person should do when riding upon invitation in another's car to protect himself from danger must depend upon the facts and circumstances of each case. Where the road is broad, straight and safe and the driver known to be skillful and prudent and the speed law not violated, a licensee should be privileged against concern for his safety. Where on the other hand the road becomes crooked, rough, dangerous or the speed unlawful or excessive and progress a menace to safety, there falls upon the licensee the duty of exercising ordinary care to protect himself from injury. He should call the attention of the operator or owner to the danger apprehended, protest against it and unless delivered from it he should quit the car if that might be done with safety, or direct that the vehicle be stopped and when stopped get out of it. (*Hardie* v. *Barrett,* 257 Penn. St. 46; *LaGoy* v. *Director-General of Railroads,* 231 N. Y. 191; *Jefson* v. *Crosstown Street Railway,* 72 Misc. Rep. 103;

*Anthony* v. *Kiefner*, 96 Kans. 201; *Hubbard* v. *Bartholomew*, 163 Iowa, 58; 49 L. R. A. [N. S.] 443; *Rebillard* v. *Minneapolis, St. P. & S. S. M. Ry. Co.*, 216 Fed. Rep. 503; Huddy on Automobiles [5th ed.], 694.)

If knowing any such danger the licensee acquiesces in it and is injured he participates in the fault. No fault can be found in him, however, where by any adequate language he denies acquiescence or where from his conduct it may be reasonably inferred that he had not acquiesced.

The facts in the case at bar on the contributory negligence of the plaintiff are that a half mile — a minute before the accident at the rate defendant was driving — plaintiff in the language above quoted told the driver he was going too fast. It was not as direct a protest as might have been made. It was that of the diplomacy of a guest. It was adequate, however, for defendant slowed down. It is quite apparent that after doing so he drove down the grade to the curve at the railing with such speed that no time was afforded for further protest or acquiescence before the happening of the accident.

We think it was for the jury to say whether there was an acquiescence on the part of the plaintiff in the wrongful conduct of the defendant and that there is evidence upon which to sustain the finding of the jury that there was no such acquiescence.

Error is claimed upon the ground that the court refused defendant's motion to strike out certain testimony admitted over a general objection, no specific grounds having been stated. The cross-examination of Dr. Webster, the attending physician, involved testifying that traumatic pleurisy would develop in a week and if after that some trouble did develop it might have arisen from some other cause than the accident — some secondary cause.

On redirect examination the witness was asked: " Q. And it is entirely possible that whatever his condition may be today may have been caused directly by that accident?  *  *  *  Mr. Slade: I object to it. The Court: Objection overruled. The witness: It might be possible."

It is apparent that the defendant by having proved by the witness that after a week another cause than the accident might have been responsible for plaintiff's condition, it was to be expected that on the redirect examination plaintiff would inquire as to whether the condition might be due to the accident.

The rule is that no objection to testimony is available unless the ground or grounds be assigned therefor so as to call the attention of the court to its illegality that it may be excluded. (*People* v. *Smith*, 172 App. Div. 833.)

The defendant sought to relieve the imperfection of his objection by a motion to strike out. The rule governing such a situation has been laid down in the Court of Appeals. " When the objection is not made at the time the evidence is offered or given, it is in the discretion of the trial judge to permit it to be made at a later stage of the trial. That discretion should be carefully exercised, so that no harm will come to the other party; and it should be exercised when it is just that the incompetent evidence should be excluded. * * * It is like many other matters of discretion in the conduct of the trial, with the fair exercise of which a court of review will not interfere." (*Miller* v. *Montgomery*, 78 N. Y. 286.) As Dr. Webster had testified under defendant's examination that the condition of the plaintiff might have resulted from other cause than the accident, there was no injustice in permitting the evidence, once lawfully in, to the effect that such condition might have been caused by the accident, to remain in. We do not think there was any abuse of discretion in this respect upon the part of the trial justice.

The judgment should be affirmed, with costs.

H. T. KELLOGG, Acting P. J., VAN KIRK and HINMAN, JJ., concur; KILEY, J., dissents.

Judgment and order affirmed, with costs.