JAMES J. SHEEHAN, Respondent, *v.* PATRICK COFFEY, Appellant.

Third Department, May 16, 1923.

**Motor vehicles — action to recover for injuries suffered by invited guest while riding in automobile — failure of plaintiff to protest against excessive speed is contributory negligence — verdict in favor of plaintiff is against evidence.**

An invited guest riding in an automobile, who is injured in an accident which is caused by the excessive speed of the automobile, is guilty of contributory negligence as a matter of law where he makes a mild protest only against the speed of the car, does not insist upon the automobile being stopped to permit him to leave it and continues to remain in the car while it travels at an excessive rate of speed from the point where he first protests to the point of the accident, many miles away; in such case he must be deemed to have acquiesced in the manner in which the automobile was being driven, and a verdict in his favor is against the weight of the evidence.

APPEAL by the defendant, Patrick Coffey, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 27th day of November, 1922, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 29th day of November, 1922, denying defendant's motion for a new trial made upon the minutes.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the appellant.

*William Goldberg* [*Louis J. Rezzemini* of counsel], for the respondent.

HINMAN, J.:

The plaintiff was injured in an automobile accident. The case was before this court (201 App. Div. 87) on appeal by the plaintiff from a judgment in his favor for the sum of $235, the amount of the physician's bill. The respondent did not appeal and we were not called upon to say whether there was or was not negligence on the part of either party. We held that if there was negligence a verdict which took no account of the plaintiff's injuries could not stand.

Before the verdict at that trial was rendered, the jury inquired of the court whether the doctor would get the amount of his bill, $235, if it rendered a verdict for that amount in favor of the plaintiff. The jury thereafter rendered that verdict and this court granted a reversal and a new trial.

On January 10, 1921, Coffey invited Sheehan to ride with him to New York next day. Coffey came to Sheehan's house the next morning with his seven-passenger car. Sheehan got in the rear seat, Coffey in the front seat and they drove down to a bank on State street. Sheehan went into the bank. Another man by the name of Carroll joined them at this time and when Sheehan returned from the bank all three entered the car sitting in the front seat. Coffey was at the wheel at the left side of the seat, Carroll in the middle and Sheehan on the right side of the seat. The plaintiff's story of what occurred is contradicted only by a statement signed by him which he repudiated upon the trial. If this statement were true, the plaintiff would not be entitled to recover. The question is whether the plaintiff is entitled to recover under the testimony offered by him upon the trial. He says that between nine-thirty and ten o'clock on the morning in question they started for New York over the New York Post road. They made a stop of from ten to fifteen minutes when they reached a point six or seven miles along this road. At about eleven-twenty or eleven-thirty they had reached a point below Poughkeepsie, about seventy-eight miles from Albany, when, while the car was traveling fifty-five or sixty miles an hour, the defendant to avoid hitting another car approaching from the south turned the automobile to the left on to the tracks which paralleled the highway about three or four feet from the left side of the road and after riding the ties for about one hundred and fifty feet returned across the road and struck and went through a stone wall into a field on the right side of the road, causing the injuries complained of. Telling the story of the trip from the point where the stop was made for ten or fifteen minutes, the plaintiff says: " We might have been there ten or fifteen minutes and we came out and we lighted the cigars up, and we started along and we got going, and right outside of Valatie we got on that road going into Hudson, and he started to speed up. * * * So he started speeding his car up and he was going between sixty and seventy miles an hour and he broke his speedometer. I said he was going too fast and I didn't care so much about riding that way, and he told me to mind my own business, that he owned the car. ' You are a guest of mine ' he said and he kept laughing. He said: ' You are not afraid to ride fast are you? ' I said: ' I don't care much about riding so.' First,

he might slack up to forty-five or fifty, and then he would step on the gas again and keep it going, and you couldn't see what distance he was making because the speedometer was broken, but I think he must have been making fifty or sixty miles an hour all of the time. When we would run into some town he would slow down to forty or fifty miles an hour, and when he got outside he would drive right along, and heading into Poughkeepsie I think his car was going as fast as the car could go, because he was going very fast when he hit it up around the turn there. Carroll even told him — he said he was going too fast, and he told us to mind our own business. So we were just pulling out of Poughkeepsie there. It was kind of a short turn, and we saw a car coming ahead of us." This was the place of the accident which occurred in the manner above described.

In the case of *Clark* v. *Traver* (205 App. Div. 206) we had occasion to deal with the question of the duty of an invited guest in an automobile with reference to the care required of such a guest to protect himself from injury. Mr. Justice HASBROUCK writing for the court said: " He should call the attention of the operator or owner to the danger apprehended, protest against it and unless delivered from it, he should quit the car if that might be done with safety, or direct that the vehicle be stopped and when stopped, get out of it."

While the question of what is the exercise of ordinary care on the part of such an invited guest is dependent upon the facts and circumstances in each case, we think the facts of this case require us to hold that the verdict of the jury is contrary to the law and against the weight of evidence in finding that the plaintiff acted as a careful and prudent man should in the circumstances. Such a guest does not satisfy the rule of due care for his own protection who makes the mild protest which this plaintiff says he made and is told to mind his own business and who without further personal protest or request to stop the car at a convenient spot, continues to ride at the terrific rate of fifty and sixty miles an hour from a point to the north of Hudson where he made his protest to a point the other side of Poughkeepsie where the accident occurred, a distance of many miles. He seems to have had plenty of time and opportunity to save himself from the danger which he says was so apparent to him and against which he so mildly protested. He could have asked to be let off at the city of Hudson or at the city of Poughkeepsie or at towns through which he says they passed between those two cities from any of which he could have made his way back to Albany or down to New York by some other conveyance. When with full knowledge of the fact that the

owner and driver of the car would not brook any interference with his manner of driving the same, however reckless, the plaintiff remained in the car without further protest or attempt to protect himself from apparent danger and there was ample time within which he might have directed that the vehicle be stopped in order that he might get out of it, especially when he could have stopped at such convenient stations as Hudson and Poughkeepsie, he was as guilty of negligence as the driver himself. He must be deemed to have acquiesced and to have taken the risk of the accident which befell him.

While the record before us would have sustained the granting of a motion for a nonsuit or dismissal of the complaint or a directed verdict, upon the ground that the plaintiff was guilty of contributory negligence as a matter of law, no such motion was made either at the end of the plaintiff's case or at the close of the testimony. The only motion made by the defendant was the motion to set aside the verdict and for a new trial upon the ground that the verdict was contrary to the law and against the weight of evidence and because it was for excessive damages. This motion should have been granted. (Code Civ. Proc. § 1317; Civ. Prac. Act, § 584; *Matter of Burnham*, 234 N. Y. 475.)

The judgment and order should be reversed, with costs, and a new trial granted.

KILEY and HASBROUCK, JJ., concur; H. T. KELLOGG, Acting P. J., and VAN KIRK, J., concur in result on the ground that the finding of the jury is against the weight of the evidence both as to the negligence of the defendant and the contributory negligence of the plaintiff; with which view HASBROUCK, J., also concurs.

Judgment and order reversed on the law and the facts, and new trial granted, with costs.