[S. F. No. 13012. In Bank.—May 24, 1929.]

FRANCIS W. SHIELDS et al., Respondents, v. C. S. KING, Appellant.

[S. F. No. 13013. In Bank.—May 24, 1929.]

FRANCIS W. SHIELDS, Respondent, v. C. S. KING, Appellant.

J. Hampton Hoge and A. M. Runnells for Appellant.

James Snell for Respondents.

PRESTON, J.—The judgment entered in each of the above-entitled cases is hereby affirmed. The reasons impelling this conclusion are properly set forth in one opinion as by stipulation of the parties, the actions were tried together before a jury and both appeals by defendant argued in a single set of briefs.

On November 22, 1926, by reason of an accident which resulted from defendant's alleged negligence and failure to use ordinary care in the operation of his automobile, plaintiff Bertha A. Shields received severe personal injuries for which by said first case, S. F. No. 13012, she and her husband seek to recover damages; the second action, S. F. No. 13013, is for consequential damages suffered by the husband. The jury in cause S. F. No. 13012 returned a verdict upon which judgment was entered for plaintiffs in the sum of six thousand dollars, and in cause S. F. No. 13013, returned a verdict upon which judgment was entered for plaintiff in the sum of eight hundred dollars. Defendant has appealed from both judgments, urging as his sole ground for reversal thereof that the undisputed facts established by the evi-

dence show that plaintiff Bertha A. Shields was guilty of contributory negligence as a matter of law. The word "plaintiff" where hereinafter used will refer to the plaintiff Bertha A. Shields. The following is a brief *résumé* of the facts:

On the date above mentioned said plaintiff, a woman of approximately sixty years of age, was en route by automobile from Hollister to Napa, California, as the guest of defendant, the husband of her stepdaughter. Defendant's wife and son were also with him on the trip. Defendant was driving; plaintiff occupied one of the back seats. The day was cloudy and rainy. Between San Rafael and Black Point, at a place along the sloughs where the road was wet and slippery, with defendant driving at a good rate of speed, possibly thirty-five or forty miles an hour, the car skidded and went over the embankment, thereby rendering plaintiff unconscious and causing the severe and permanent injuries of which she complains. Plaintiff, who was not seated within view of the speedometer, testified that she had no fear of defendant's driving nor did the speed of the machine seem excessive to her, until the latter part of the trip. Then, although he failed to heed her warning or to slacken his speed, she twice took occasion to caution him, saying the first time: "Clement, don't drive so fast on the wet pavement," and again saying about ten minutes later, and but a short time before the accident: "Clement, don't drive so fast. We had better be out longer than not to get home at all."

It is principally upon the testimony just quoted that defendant bases his contention that plaintiff was guilty of contributory negligence in that he claims it is apparent that she had ample opportunity to insist that the automobile be stopped and to alight therefrom; that in failing so to do and in remaining upon the ride, she assumed the risk of defendant's continued carelessness and was thus guilty of individual contributory negligence as a matter of law.

We cannot subscribe to this construction of the evidence. We do not believe that it was incumbent upon this elderly woman, even granting that the driver might have acceded to a request from her that he stop the machine, to alight therefrom alone upon a rainy highway at an isolated point, leaving to chance the possibility of reaching shelter or her

destination by some other conveyance, in order to hold herself free from the charge of contributory negligence.

Numberless cases in this and other jurisdictions, recognizing that the negligence of the person operating a vehicle is not imputed to his passenger, uphold the doctrine here applicable—that a passenger is bound to exercise ordinary care for his own safety, but whether or not he has exercised such care is a question of fact, which, unless the evidence is all one way, must be submitted to a jury, and their determination thereof is conclusive. (*Parmenter* v. *McDougall*, 172 Cal. 306, 309 [156 Pac. 460], and many cases there cited; *Nichols* v. *Pacific Elec. Ry.*, 178 Cal. 630 [174 Pac. 319]; *Fujise* v. *Los Angeles Ry. Co.*, 12 Cal. App. 207 [107 Pac. 317]; *Curran* v. *Earle C. Anthony, Inc.*, 77 Cal. App. 462 [247 Pac. 236]; *Drouillard* v. *Southern Pac. Co.*, 36 Cal. App. 447, 450 [172 Pac. 405]; *Carpenter* v. *Atchison etc. Co.*, 51 Cal. App. 60 [195 Pac. 1073]; *Wyseur* v. *Davis*, 58 Cal. App. 598 [209 Pac. 213]; *Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679 [269 Pac. 529].)

In this case, however, we are forced to the even broader statement that, in our opinion, the record contains no showing whatsoever of any contributory negligence on the part of plaintiff but, on the contrary, shows that she acted as any reasonably prudent person would have done, and under the circumstances set forth in the evidence the jury would not have been warranted in finding other than as it did. As stated in *Curran* v. *Earle C. Anthony, Inc., supra*, at page 471, citing *Dowd* v. *Atlas T. & A. Service Co.*, 187 Cal. 523 [202 Pac. 870]: "The duty of a passenger to remonstrate against excessive speed or to withdraw from the vehicle, a reasonable opportunity therefor being afforded, is not absolute, the question whether by failing to do either he is wanting in ordinary care being dependent upon the circumstances of the particular case."

The case of *Clark* v. *Traver*, 205 App. Div. 206 [200 N. Y. Supp. 52], relied upon by appellant, recognizes this rule. Plaintiff there, a guest passenger, made a polite protest against the speed of the automobile but did not quit the car; thereafter defendant slowed down, but even then his speed was so excessive as to almost immediately overturn the machine when rounding a curve in the road. Affirming the judgment for plaintiff, the court

said: "We think it was for the jury to say whether there was an acquiescence on the part of the plaintiff in the wrongful conduct of the defendant, and that there is evidence upon which to sustain the finding of the jury that there was no such acquiescence." The case of *Sheehan* v. *Coffey*, 205 App. Div. 388 [200 N. Y. Supp. 55], is likewise in harmony with this holding, although the circumstances there compelled a reversal of the judgment for plaintiff upon the ground that the finding of the jury was against the weight of the evidence and contrary to law and the damages awarded were excessive.

The above reasoning sufficiently supports, without further comment, the conclusion first herein announced.

Curtis, J., Langdon, J., Shenk, J., Richards, J., and Seawell, J., concurred.