ALLEN NELSON, Respondent, v. ARNOLD NYGREN, Appellant.

Fourth Department, November 5, 1931.

*Gibbons, Pottle & Pottle* [*Frank Gibbons* of counsel], for the appellant.

*Rogerson, Clary & Hewes* [*J. Russell Rogerson* of counsel], for the respondent.

CROSBY, J. Plaintiff was riding, at night, with defendant, who was driving his own car. Plaintiff voluntarily went to sleep in the car, after telling defendant to awaken him when they reached Randolph. Plaintiff awoke, not in Randolph, but in the hospital, due to injuries incurred by reason of the car being run off the road and against the railing of a bridge. Although the evidence does not clearly show the facts, it seems to be conceded that both parties were sleepy, having been out late in attendance at some social function, and that defendant was to drive his car. as far as Randolph then awaken plaintiff for the purpose of having him drive the remainder of the journey. Plaintiff claims that the fair inference is that defendant went to sleep at the wheel. Defendant was not sworn, but there is evidence that, after the accident, he said: " I must have dozed off to sleep." Defendant complains that the verdict of $17,500 was too large, but the most interesting question raised relates to the alleged contributory negligence of the plaintiff in voluntarily going to sleep and thus abandoning any attempt at watchfulness in aid of safe driving. Defendant, appellant, argues that such conduct constitutes contributory negligence as a matter of law. The trial court left it to the jury as a question of fact. Upon the trial defendant swore only one witness, a medical expert, so that the facts and circumstances surrounding the accident all have to be gathered from plaintiff and his witnesses. The jury was justified in finding these facts: That both parties were perfectly sober, not having indulged in drinking or riotous conduct of any kind; that they were traveling over a road with which they were both familiar; that defendant was driving his own car, with the operation of which he was familiar, and that shortly previous to the accident defendant was driving in the usual orderly manner and at a reasonable rate of speed. Can it be said, under these circumstances, that plaintiff was guilty of contributory negligence as a matter of law in going to sleep after making the suggestion that, instead of both keeping awake during the entire journey, they take turns in keeping awake. This court has held that when two men, riding together, approached a railroad crossing it was proper to permit the jury to find that both performed the duty of reasonable

care in looking, one to the left and the other to the right. (*Hatch* v. *Pennsylvania R. R. Co.*, 224 App. Div. 778.)

To be sure a passenger might be negligent in continuing to ride at all if he knew that both his driver and he were too sleepy to keep awake. On the other hand, circumstances can be imagined in which prudence would dictate that the passenger go to sleep in the car. Suppose, for instance, he were taken violently ill, without his fault, so that he became a source of distraction to the driver, rather than a help. Can it be said that he would be guilty of contributory negligence as a matter of law in going to sleep and relieving the driver of the distraction caused by his illness?

The general rule as to the duty owed by a passenger in an automobile is too well settled to require citation of authority. In general it is to conduct himself in the manner in which reasonably prudent persons, riding as passengers, conduct themselves. So much depends upon the circumstances of a given case that it is difficult to say, as a matter of law, that voluntarily going to sleep in a car is negligence. Even in the case relied on by appellant (*Clark* v. *Traver*, 205 App. Div. 206; affd., 237 N. Y. 544) the opinion states: " What a person should do when riding upon invitation in another's car to protect himself from danger must depend upon the facts and circumstances of each case. Where the road is broad, straight and safe and the driver known to be skillful and prudent and the speed law not violated, a licensee should be privileged against concern for his safety." (See, also, *Terwilliger* v. *Long Island R. R. Co.*, 152 App. Div. 168; affd., 209 N. Y. 522.)

Our attention has been called to no case in our State that is exactly in point. In Massachusetts (*Oppenheim* v. *Barkin*, 262 Mass. 281) it is held that a passenger is guilty of contributory negligence, as a matter of law, who voluntarily goes to sleep in an auto when riding. The same rule is followed in Wisconsin (*Krueger* v. *Krueger*, 197 Wis. 588). The rule in Massachusetts is perhaps influenced by the same considerations which have led to the rule in that State, that a passenger riding as a guest with one other than a common carrier can recover for injuries caused only by the gross negligence of the driver.

In the States of Pennsylvania and Maryland the issue of contributory negligence of a passenger, voluntarily going to sleep in an automobile, is treated as one of fact, to be submitted to a jury, and to be decided in the light of the circumstances surrounding a given case. (*Simrell* v. *Eschenbach*, 303 Penn. St. 156; *Chesapeake & Potomac Telephone Co.* v. *Merriken*, 147 Md. 572.)

The rule in Pennsylvania governing sleeping passengers grows logically enough out of the rule, in that State, that a passenger

is negligent only if he fails to take measures to avoid " apparent dangers."

In the State of New York, to be sure, the passenger owes more than a duty to take means to avoid dangers that are thrust upon his attention. Dangers that he ought to see call upon him for the exercise of such precautionary steps as an ordinarily prudent person in his situation would take. Still, it should not be determined as a matter of law just how active and vigilant a passenger should be in discovering danger. It all depends on the circumstances. If the road to be traveled were a dangerous one with which the passenger was familiar and the driver unfamiliar, or if the car being driven were one with whose operation the passenger was more familiar than the driver, or if, for any other reason, the circumstances were such that a reasonably careful person in the situation of the passenger would see the necessity for a more active vigilance on his part, then a jury might say that he would owe the duty to keep awake, if possible, and exercise that vigilance. But here the driver owned the car and was entirely familiar with its operation, and he knew the road, the passenger knew it no better. On the whole I think the question of plaintiff's contributory negligence was properly submitted as one of fact.

The verdict in this case was excessive. If plaintiff will stipulate a reduction to $12,000 as of the date of the verdict, the judgment and order herein should be affirmed, without costs.

All concur, except EDGCOMB, J., who dissents in an opinion and votes for reversal on the law and for dismissal of the complaint. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

EDGCOMB, J. (dissenting). The duty which is imposed by the laws of this State upon an invited guest, riding in an automobile with another, is well settled. He is bound to use reasonable care to protect himself from danger, and if the conduct of the driver is such as to fairly suggest the happening of an accident, an obligation rests upon the guest to protest, and to warn and admonish the driver. Under ordinary circumstances, the guest cannot sit idly by, and voluntarily surrender himself to the care of the driver, and give no attention whatever to the operation of the car, or to what is happening, and then, if he is injured, recover because of the operator's negligence. (*Joyce* v. *Brockett*, 205 App. Div. 770; affd., 237 N. Y. 561; *Clark* v. *Traver*, 205 App. Div. 206; affd., 237 N. Y. 544; *Sheehan* v. *Coffey*, 205 App. Div. 388.)

In the case before us on this appeal the plaintiff deliberately went to sleep, and put it out of his power to exert any care what-

soever for his own safety. He voluntarily abandoned the exercise of his faculties, and placed himself entirely in the care of the driver. This is not the case where a passenger is suddenly taken ill, as is suggested in the prevailing opinion, or where drowsiness gets the better of him and he dozes off in spite of himself. In such cases there might be some excuse for his conduct. Here the respondent's act in going to sleep was not hasty or sudden; his determination was formed with deliberation. Under such circumstances it cannot be said, in my opinion, that he has taken such care and caution for his own safety as the law of this Commonwealth requires. (*Oppenheim* v. *Barkin*, 262 Mass. 281; *Krueger* v. *Krueger*, 197 Wis. 588.)

While the decision of a sister State is not controlling upon us, I feel that we should not overlook or lightly brush aside holdings of so high authorities as those of the Supreme Courts of Massachusetts and Wisconsin. The two cases above cited are squarely in point, and cannot be distinguished from the facts in the case at bar, and I feel constrained to follow the law as therein stated.

*Simrell* v. *Eschenbach* (303 Penn. St. 156) is not in point, because the rule in Pennsylvania relating to the duty of a guest in an automobile is far different from that in New York State. In Pennsylvania one invited to ride in another's car is not required to be constantly on the lookout for trouble; he is responsible for inaction only in case he knows of, or is in such a position that he must have realized the impending danger. (*Kilpatrick* v. *Phila. Rapid Transit Co.*, 290 Penn. St. 288; *Azinger* v. *Pa. R. R. Co.*, 262 id. 242, 249, 250; *Campagna* v. *Lyles*, 298 id. 352.)

For the reasons above stated, I am unable to concur in the opinion about to be made. I think that the judgment should be reversed and the complaint dismissed.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $12,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party.