DEBIN *v.* TEXAS COMPANY.

4-3804

Opinion delivered April 15, 1935.

850

J. R. *Wilson* and N. H. *Sadler,* for appellants.

*Mahony & Yocum,* for appellees.

HUMPHREYS, J. Appellants, Aurelius Debin, Mildred Knight and Alene Lindsey brought suit in the circuit court of Dallas County against appellees, O. Ducy and the Texas Company, a foreign corporation, doing business in Arkansas, to recover damages for injuries received by each in a collision between a Ford car in which appellants were riding and a Ford truck driven by O. Ducy, an employee of said Texas Company, near Nor-

phlet in said county, through the alleged joint and concurrent negligence of said appellees.

Appellees filed an answer denying each material allegation contained in appellants' complaint. The cause was submitted to the jury upon the pleadings, testimony adduced, and instructions of the court, resulting in a verdict for appellees and a consequent judgment dismissing appellants' complaint, from which is this appeal.

The Ford car was borrowed by Aurelius Debin from his brother, and his co-appellants and Haywood Crunk were his invited guests. They drove into Norphlet, where Henry Mullins, a boy acquaintance, 15 years of age, requested and was allowed to accompany them. The boy got into the front seat with Debin and Mildred Knight, and Haywood Crunk and Alene Lindsey were in the back seat. After leaving Norphlet, Henry Mullins requested Debin to let him drive, and Debin stopped the car and permitted the boy to take the wheel. The boy had driven the car about three miles when the collision occurred.

The witnesses introduced by appellants testified, in substance, that they were traveling west on the right hand side of the gravel road between Norphlet and Hays City at a speed of about twenty miles an hour; that Henry Mullins was not drinking and did not drive the car in a reckless manner after taking the wheel, and that no one in the car protested as to the speed or manner in which same was being driven; that, as they entered a curve in the road, Debin called the attention of Henry Mullins to a truck in front of them coming east and directed him to pull out as far as possible to the north for fear the truck might hit them; that, as he did so and was twenty-five feet out of the curve in the road, the truck, without any signal from the driver, turned suddenly to the north across the highway for the purpose of taking an intersecting road and leaving the highway; that the boy immediately applied the brakes but was unable to stop the car before the collision occurred, resulting in appellants' injuries.

During the progress of the trial, the court refused to allow Henry Mullins to testify that he could not have turned to the left or south and passed around the truck at

the time it suddenly turned to the north in front of him on account of another car which was following the truck. The court also refused to allow Aurelius Debin and his mother to testify as to certain representations made to him and her by Dr. Slaughter concerning his condition before he made a settlement with appellees for the injuries he received, which settlement and release had been pleaded as a defense in his case against appellees.

The witnesses introduced by appellees testified, in substance, that Sunday afternoon, July 10, 1932, the Ford truck driven by O. Ducy was traveling east at a low rate of speed when it met the Ford sedan driven by Henry Mullins at a high rate of speed, perhaps forty or fifty miles per hour, as it came out of the curve into the road about three miles from Norphlet; that, when Ducy discovered the Ford sedan approaching, he slowed down and almost stopped the truck; that the Ford sedan was moving so fast Mullins lost control of it and ran onto the south side of the road and, in an effort to re-enter the road, ran into the right side of the truck and struck the front part of it; that Henry Mullins was drinking, and, after taking the wheel of the Ford sedan, had been driving recklessly and at a high rate of speed; that he had turned into a sharp curve in the road about one and one-half miles from the scene of the accident traveling so rapidly that the car made the curve on two wheels and almost turned over and continued to drive in a rapid and reckless manner until the collision with the truck, and that during the time he was driving no one in the car made any protest.

Appellants contend for a reversal of the judgment on account of alleged errors in practically all the instructions given by the court and in the court's refusal to admit the testimony of Henry Mullins relative to his reason for not turning to his left and passing to the south around the truck and the testimony of Aurelius Debin and his mother relative to the settlement and release by Debin of his claim against appellees.

We have carefully read the instructions given and the criticisms of each by the appellants and find no re-

versible error in any of them except No. 14 given at the request of appellees. That instruction is as follows:

"If you believe, from the evidence, that prior to the collision the driver of the car in which the plaintiffs were riding was careless and negligent in his operation of said car, in that he drove said car at a reckless, negligent, and excessive rate of speed, and was so driving, at the time of the collision, then it was the duty of the plaintiffs to have protested the manner in which the plaintiff was driving, and, if they failed to do so, they were negligent, and if carelessness and negligence upon the part of the driver of said car was the sole and proximate cause of the collision, or contributed thereto, the plaintiffs cannot recover, and your verdict will be for the defendants."

Two of the appellants were invited guests of Debin, and this instruction told the jury, in effect, that it was their duty, in the exercise of due care for their safety, to have protested before they could recover if the jury found that prior to and at the time of the collision the driver was negligently driving the Ford sedan and his negligence was the proximate cause of the collision and injuries. The rule relative to an invited guest is that unless, in the exercise of ordinary care for his own safety, as a reasonably prudent person, he knew and realized or should have known and realized his danger, due to the negligent operation of the car by the driver, and failed to protest to the driver, the driver's negligence cannot be imputed to him. Under the evidence in this case, it was a disputed question of fact as to whether the two young ladies, in the exercise of ordinary care as prudent persons, knew and realized or should have known and realized the danger they were in on account of the alleged negligent operation of the car. It was a question for determination by the jury and not by the court. *Ragland v. Snotzmeier*, 186 Ark. 778, 55 S. W. (2d) 923. The instruction was inherently wrong in imposing an absolute duty upon these two appellants to protest, if the jury found the driver was negligent, and that his negligence was the sole and proximate cause of the collision and injuries. The instruction was a correct declaration of law applicable to the facts in the case so far as the ap-

pellant Debin was concerned. He was not an invited guest and was in control of the car and driver, and the negligence of the driver was imputable to him.

Appellants also contend for a reversal of the judgment because the trial court excluded the testimony of Henry Mullins to the effect that he could not have turned to the left or south and passed around the truck when it suddenly turned to the north in front of him, on account of another car which was following the truck. This was a conclusion or opinion of the witness. The facts and circumstances attending the collision were not complicated and technical and were such as could be explained to and understood by the jury without expert evidence; hence it was unnecessary for Mullins to give his opinion about the matter in order for the jury to comprehend the situation. *Dickerson* v. *Johnson,* 24 Ark. 225; *Little Rock Traction & Electric Co.* v. *Nelson,* 66 Ark. 494, 52 S. W. 7; *Plumlee* v. *St. Louis Southwestern Railway Co.,* 85 Ark. 488, 109 S. W. 515; *Seaman Dunning Corporation* v. *Haralson,* 182 Ark. 93, 29 S. W. (2d) 1085.

Appellant Debin also seeks a reversal of the judgment because the trial court refused to allow him and his mother to testify as to certain representations made to him and her by Dr. Slaughter concerning his condition before he made a settlement with appellees for the injuries he received. It is unnecessary to determine whether the trial court erred in ruling out the testimony of Aurelius Debin relative to the representation of Dr. Slaughter as to the extent of his injuries, which induced him to make the settlement, for he was permitted, on his rebuttal examination, after appellees had introduced the written release in evidence, to testify at length as to the facts and circumstances of the settlement and release without objection. The testimony of his mother related to the settlement and release, and it appears he was not present at the time Dr. Slaughter made representations relative to the extent of his injuries to his mother. In order for his mother's testimony to have been admissible, he would have had to be present and hear the representations made.

The judgment is affirmed as to Debin, but, on account of the error in giving instruction No. 14, requested by appellees, the judgment as to Mildred Knight and Alene Lindsey is reversed, and the cause is remanded for a new trial.