[Civ. No. 9209. Second Appellate District, Division One.—June 7, 1935.]

EMMA H. SWITZER et al., Respondents, v. DON HIRAM MULLALLY, Jr., et al., Appellants.

Lon A. Brooks for Appellants.

R. Lee Heath, Loraine B. Rogers and Mark A. Hall for Respondents.

SHINN, J., *pro tem.*—Plaintiffs bring this action as the heirs at law of Edward M. Switzer, deceased, to recover damages resulting from his death in an automobile collision. The case was tried by the court. Defendant Don Mullally, Jr., a minor, was sued as the operator of the car which collided with the car in which the decedent was riding as the guest of one Anna Marie Beck. Plaintiffs recovered judgment against Don Mullally, Jr., in the sum of $5,895, and against Don Mullally in the sum of $5,000, the latter being held liable as the signer of the application for the operator's license of his son, codefendant. Both defendants appealed from the judgment. The points urged for reversal necessitate a brief statement of the circumstances of the accident. The deceased was a carpenter employed by Mrs. Beck; he was riding in her machine which she was driving westerly on Willoughby Street in Los Angeles. Her car came into collision with that of the defendants in the intersection of Willoughby Street and Cahuenga Avenue, the car of the defendants having entered the intersection from the north. The two automobiles locked, struck the southwest curb of the intersection and separated. Mrs. Beck and the deceased were thrown out of their car; the deceased fell upon the curb or sidewalk at some distance from the car and he did not arise. He was shortly thereafter carried to the receiving hospital in an ambulance; the accident happened at 8:30 A. M. and Mr. Switzer died at 10:45 A. M. of the same day.

Appellants address an extended argument to the point that the evidence did not disclose that death resulted from the injuries received by deceased in the accident. A written report of the surgeon who performed an autopsy upon the body of Mr. Switzer was read into evidence, under a stipulation that it might be so read to avoid the necessity of the personal appearance of the doctor in court. This report showed that the deceased received lacerations in the face and scalp, sustained four broken ribs and a fracture of the skull, which resulted in his death. Appellants now object that

this written report was hearsay and incompetent and maintain that while they stipulated that it might be read into the record, they did not stipulate that it should be received in evidence. The objection is without merit. The report as read would serve no purpose other than as evidence in the case. The objection that it was hearsay was waived and the report, under the circumstances, constituted satisfactory evidence as to the cause of death. ■ Likewise without merit is the argument that death was not shown to have resulted from the injuries sustained in the accident. It is true that no witnesses testified to the extent of the injuries, the sole evidence thereof being furnished by the autopsy surgeon's report. The deceased was in sound health before he was thrown out of the car, was taken to a hospital in a helpless condition, and passed away soon afterward. Not only do the facts give rise to a reasonable inference that the accident was the cause of death, but any other conclusion would be quite unreasonable and illogical. (*Robertson* v. *Weingart*, 91 Cal. App. 715 [267 Pac. 741].)

■ Appellants rely upon the defense of alleged contributory negligence of deceased. They depend upon the testimony of Mrs. Hickey, a pedestrian who witnessed the accident. This witness testified that from a point some 96 feet west of Cahuenga she witnessed the Beck car approaching from the east at a distance of 500 feet or more from where she was standing; that the car was traveling at about 40 miles per hour and this speed was maintained up to about the point of the accident; that at a distance of some 350 feet she observed the deceased and Mrs. Beck in conversation and saw the latter's lips moving; that the deceased was facing toward the south and leaning over with his right elbow upon his right leg. Upon these facts appellants base their claim of contributory negligence on the part of the deceased. They insist that the uncontradicted evidence affirmatively shows deceased to have been negligent. The argument is based primarily upon the assumption that the court believed the testimony of Mrs. Hickey as to the speed of the Beck car. The court, however, was not obliged to accept the opinion of this witness upon the question of speed. While no other witness testified directly as to the speed of the Beck car, there was evidence of a statement made by defendant Don Mullally, Jr., to the effect that he observed the Beck car

448

"nosing into the intersection" while he was 75 or 80 feet north of the intersection and that he was traveling at 35 or 40 miles per hour. Inasmuch as the Beck car traveled only about 26 feet from the point where it entered the intersection to the point of impact, this admission of the defendant creates a conflict in the evidence as to the speed of the Beck car. We assume, therefore, that the court rejected the estimate of speed made by the witness, Mrs. Hickey. The arguments now presented on appeal, that the evidence shows contributory negligence on the part of the deceased, no doubt, were presented to the court and received due consideration. The conclusion to be drawn from the evidence upon the question of contributory negligence was one for the trial judge, who found, we think not improperly, that no negligence was shown. The trial court was the exclusive judge of the credibility of the witnesses and of the effect to be given to their testimony. (*Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147]; *Bohn* v. *Gruver*, 111 Cal. App. 386 [295 Pac. 891].) █ Whether a passenger in a vehicle has exercised ordinary care for his own safety is a question of fact for the trial judge or jury. (*Shields* v. *King*, 207 Cal. 275 [277 Pac. 1043].) Unless the facts proved establish negligence as the only reasonable conclusion to be drawn therefrom, the finding of the trial court that there was no negligence is conclusive. (*Robertson* v. *Weingart, supra.*)

Appellants in their reply brief argue that a guest entering an automobile "assumes the risk of injury resulting from the driver's negligence, and this irrespective of what the circumstances may be". Since they concede that the cases hold otherwise, discussion of the point is unnecessary.

█ The final argument is that the damages allowed are excessive. There was evidence before the court as to the earnings of deceased as a carpenter and as to the support he furnished his family. His ability to work and his expectancy of life were proven. The most that can be said of the argument on this point is that, in appellants' view of the case, the judgments are large, but that is not a meritorious argument in support of a claim that the awards are excessive.

The judgments are affirmed.

Conrey, P. J., and York, J., concurred.