DERMOTT GROCERY & COMMISSION COMPANY *v.* KENNEDY.

4-3929

Opinion delivered July 1, 1935.

*John Baxter,* for appellant.

*W. W. Grubbs* and *J. R. Wilson,* for appellees.

SMITH, J. This litigation arose out of a wreck on Highway 65 near Eudora. Mrs. Hazel Kennedy, a plaintiff below, was riding in a Ford sedan traveling south as the guest of Alvin Meyer, who was driving the car. They observed two trucks coming in the opposite direction. One truck was owned by the Eudora Ice Company, the other by the Dermott Grocery & Commission Company. The grocery company truck was in front, and the other was trying to pass it, and a race resulted. The evidence tends to show that as the ice company truck would attempt to pass the other, the latter would "weave" into the road, as witnesses expressed it, and block the passage.

Julius Hester, who probably had a better view of the collision out of which the litigation arose than any other witness, testified as follows: When the approach of the racing trucks was observed, Meyer stopped his car after driving as far to the right of the road as he could get it, the two right wheels being off the pavement. Witness stopped his car to the rear of Meyer's car. "The grocery company's truck looked like it was weaving out into the road, and had hit the ice truck and caused it to

run into Alvin Meyer, and the Dermott Grocery Company truck ran on around the wreck and turned over in the ditch.''

The evidence on the part of the defendants was to the effect that Meyer did not stop his car, and did not pull over to the extreme right side of the road. It is insisted that he should have done so when he saw the impending danger, and that, had he done so, there would have been sufficient space in the road for the three cars to pass abreast.

Mrs. Kennedy testified that when she saw the trucks coming at great speed she told Meyer, the driver, to pull over on the right and to stop his car, and that he drove to the right as far as could be done with safety and stopped his car before the impact. It is argued that this testimony shows that, although Mrs. Kennedy was riding as a guest, she had assumed to direct the driver, and he had obeyed her directions, and that she should be treated as a co-operator of the car, and that the negligence of Meyer should therefore be imputed to her, as he was obeying her orders. But, as has been said, it is denied that Meyer stopped his car or drove it over to the extreme right side of the road.

Mrs. Kennedy's husband was a party to the suit, and sued for the hospital and other bills which he incurred in having his wife treated for her very serious injury, and there were separate verdicts for both plaintiffs against the owners of each of the trucks.

The court appears to have given all of the instructions requested by the defendants except one which, if given, would have instructed the jury that a verdict might be rendered disallowing any damages to Mr. Kennedy, even though a verdict should be returned in favor of his wife, but the refusal to give the instruction is not argued as error calling for the reversal of the judgment. Moreover, it appears to have been properly refused.

Only two assignments of error are argued for the reversal of the judgment. These are that the court erred in giving plaintiffs' requested instructions numbered 5 and 12.

Instruction numbered 5 reads as follows: "The court instructs the jury that the degree of care which the drivers of automobiles and motor vehicles are bound to exercise is commensurate with the dangers to be anticipated, and the injuries that are likely to result from the use of vehicles of that character. The more dangerous the character of the vehicle, the greater degree of care required in its operation."

The objection to this instruction is that it is argumentative in form and permits the jury to set up a test of negligence without regard to the standard which the law requires and has established. The intruction is not open to the objection made, when read in connection with other and accurate instructions defining negligence and ordinary care. But it is true, of course, that, in determining whether ordinary care was exercised, it was proper for the jury to take into account "the dangers to be anticipated," and we think there was no error in giving the instruction.

The assignment of error chiefly relied upon for the reversal of the judgment is that error was committed in giving instruction numbered 12, which reads as follows: "You are instructed that no evidence has been introduced to show that the plaintiff, Mrs. Hazel Kennedy, was guilty of any contributory negligence, and you will disregard that defense of the defendants altogether."

It is argued that the jury might have inferred that, if the car of Meyer had not been operated negligently, there would have been plenty of room for all of the cars to have passed side by side without a collision, and that, if so, plaintiff, although a guest, was responsible for Meyer's negligence, as he was driving the car in accordance with Mrs. Kennedy's directions. But the only testimony as to any directions given by her was her own, which was to the effect that she told Meyer to pull over to the right and to stop his car, and that Meyer drove as far to the right as it was safe to do and stopped his car. Certainly, there was no negligence in this. Mrs. Kennedy testified that there was nothing else she could have done except to jump out of the car, and that time was not afforded for her to do this.

A number of cases have declared the law to be that it was the duty of a guest to exercise care for her own safety, and that a failure to exercise such care, which contributed to her injury, or which might have resulted in averting the injury, will constitute contributory negligence and defeat a recovery of damages to compensate the injury. *Carter* v. *Brown*, 136 Ark. 23, 206 S. W. 71; *Graves* v. *Jewell Tea Co.*, 180 Ark. 980, 23 S. W. (2d) 972; *Ragland* v. *Snotzmeier*, 186 Ark. 778, 55 S. W. (2d) 923.

Even though the jury might have believed that Meyer had not stopped his car nor had driven it as far to the right as he should have done under the circumstances, we think there was no showing of any failure to exercise due care on the part of Mrs. Kennedy. The testimony which tends to show that she directed Meyer in driving the car, and that he was following her directions, shows also that she did all that due care required. The road was on a slight embankment, and a ditch ran along its side, and, even though Mrs. Kennedy was directing the operation of the car in which she was riding, she was under no duty of directing that the risk be incurred of driving into the ditch in order that the road might be made safe as a race track.

The judgment was against the owners of both trucks, but only the grocery company has appealed. There appears to be no error, and the judgment is affirmed.