MAX E. KLINKENSTEIN, Appellant, *v.* THIRD AVENUE RAILWAY COMPANY, Respondent.

Negligence — motor vehicles — illegal operation of bus line — damage to bus from collision with street car — illegal operation not a bar to recovery unless it aided in causing accident — where bus was legally in street and accident would have happened, in any event, failure to obtain proper authority to carry passengers not a bar to recovery — section 1530 of Penal Law not applicable.

1. Whether the failure of plaintiff to obtain the proper consents and authority to operate a bus line prevents a recovery for damage to his bus, from being struck by one of defendant's street cars, depends upon whether such failure caused or aided in causing the accident; whether there be a logical connection, a reasonable sequence of events between the lack of authority to operate the bus line and the collision.

2. Where, therefore, in an action to recover such damages, it appears that the bus was legally in the street, the vehicle having been properly licensed and the chauffeur duly authorized to operate it, and that the illegality consisted only in carrying passengers for hire, and that failure to obtain permission to carry passengers had no connection with the collision but that the accident would have happened and defendant's negligence been the occasion if the bus had been licensed or had been carrying merchandise, a dismissal of the complaint is error.

3. Section 1530 of the Penal Law does not apply to the situation. It cannot be said that the bus, within the meaning of that section,

became a public nuisance, was interfering with and obstructing the streets when it was legally on the street, although used for an unauthorized purpose.

*Klinkenstein* v. *Third Avenue Ry. Co.*, 216 App. Div. 187, reversed.

(Argued October 7, 1927; decided November 22, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1926, which reversed a determination of the Appellate Term affirming a judgment of the Municipal Court of the City of New York in favor of plaintiff and directed a dismissal of the complaint.

*Isidore Cohen* for appellant. While the operation of plaintiff's bus was not in strict accordance with the provisions of statute, such operation did not constitute the bus a public nuisance, and it was not a trespasser on the highway. (*Johnson* v. *City of New York*, 186 N. Y. 130; *People* v. *Met. Tel. Co.*, 11 Abb. [N. C.] 304; *Conklin* v. *Phœnix Mills*, 62 Barb. 299.) There is no causal connection between the plaintiff's violation of law and the defendant's negligent act, and defendant was, therefore, liable to the plaintiff in spite of plaintiff's illegal act. (*Corbett* v. *Scott*, 243 N. Y. 66; *Brown* v. *Shyne*, 242 N. Y. 176; *Martin* v. *Herzog*, 228 N. Y. 168; *Pl.* : v. *City of Cohoes*, 89 N. Y. 219; *Clark* v. *Doolittle*, 205 App. Div. 697; *Hall* v. *Hepp*, 210 App. Div. 149; *Huff* v. *City of New York*, 202 App. Div. 425; *Keller* v. *Erie R. R. Co.*, 183 N. Y. 76; *Johnson* v. *City of New York*, 186 N. Y. 149.)

*August P. Klein* and *Joseph E. Kinsley* for Audubon Transportation Company, *amicus curiæ*. The plaintiff's motor bus was not a public nuisance as a matter of law. (*Corbett* v. *Scott*, 243 N. Y. 66; *Brown* v. *Shyne*, 242 N. Y. 176; *Clark* v. *Doolittle*, 205 App. Div. 697; *Platz* v. *City of Cohoes*, 89 N. Y. 219.) The operation of the plaintiff's motor bus in violation of the statutes was not the proxi-

mate cause of and in no way contributed to the collision. (*Audubon Transportation Co.* v. *Yonkers R. R. Co.*, 126 Misc. Rep. 180; *Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Egan* v. *Thompson Starrett Co.*, 209 N. Y. 110; *Amberg* v. *Kinley*, 214 N. Y. 531; *Karpeles* v. *Heine*, 227 N. Y. 74; *Moore* v. *Hart*, 171 Ky. 725; *Marland Ref. Co.* v. *Duffy*, 94 Okla. 16; *Stovall* v. *Cory Highlands Land Co.*, 189 Ala. 576; *Birmingham R., Light & P. Co.* v. *Ætna Acc. & Liability Co.*, 184 Ala. 601; *Arizona Copper Co.* v. *Garcia*, 214 Pac. Rep. 317.) The plaintiff's motor bus was not a trespasser on the highway. (*Speight* v. *Simonsen*, 115 Ore. 618; *Gilman* v. *Central Vermont R. Co.*, 93 Vt. 340; *Moore* v. *Hart*, 171 Ky. 725; *Marland Ref. Co.* v. *Duffy*, 94 Okla. 16; *Armstead* v. *Lounsberry*, 129 Minn. 34.)

*Alfred T. Davison, Frederic W. Frost* and *Addison B. Scoville* for respondent. As plaintiff was concededly operating his bus line without either a franchise or a certificate of convenience and necessity, such operation was illegal. (*Brooklyn City R. Co.* v. *Whalen*, 191 App. Div. 737; 229 N. Y. 570; *Hedges* v. *Hylan*, 192 App. Div. 959; *Belt Line Railway Corporation* v. *City of New York*, 118 Misc. Rep. 665; *Huff & Lee* v. *City of New York*, 202 App. Div. 425; *Kingsbridge Railway Co. & Third Avenue Ry. Co.* v. *City of New York*, 204 App. Div. 369; *Huff & Lee* v. *Manhattan Transit Co.*, 119 Misc. Rep. 814; 209 App. Div. 904; *Public Service Comm.* v. *Mount Vernon Taxicab Co.*, 101 Misc. Rep. 497; *Public Service Comm.* v. *Hurtgan*, 91 Misc. Rep. 432.) The plaintiff's bus, being operated illegally in the public streets, constituted a public nuisance as matter of law. (*People ex rel. Judge* v. *Hylan*, 200 App. Div. 430; *Huff & Lee* v. *City of New York*, 202 App. Div. 425; *McCloskey* v. *Buckley*, 223 N. Y. 187; *Lyman* v. *Village of Potsdam*, 228 N. Y. 398.) There was a direct or causal connection between plaintiff's illegal operation of the bus and the

accident resulting in its injury and plaintiff is not entitled to recover in the absence of proof of willful or wanton negligence on the part of the defendant. (*Clark* v. *Doolittle*, 205 App. Div. 697; *Hall* v. *Hepp*, 210 App. Div. 149; *Corbett* v. *Scott*, 243 N. Y. 66; *Dudley* v. *Northampton Street Ry. Co.*, 202 Mass. 443; *Chase* v. *New York Central R. Co.*, 208 Mass. 137; *Holden* v. *McGillicuddy*, 215 Mass. 563; *Dean* v. *Boston Elevated Ry. Co.*, 217 Mass. 495; *Matter of Dobosen* v. *Mescall*, 205 App. Div. 265; *Public Service Comm.* v. *Booth*, 170 App. Div. 590; *Brooklyn City R. R. Co.* v. *Whalen*, 111 Misc. Rep. 348; 191 App. Div. 737; 229 N. Y. 570.) The plaintiff, in operating a public nuisance, in the streets, was a trespasser upon the city streets and the defendant owed him no duty other than to refrain from willful, wanton or reckless injury. (*Matter of Dobosen* v. *Mescall*, 205 App. Div. 265; *People ex rel. Met. St. Ry. Co.* v. *Tax Comrs.*, 174 N. Y. 417; *People* v. *Woodbury*, 203 N. Y. 167; *People* v. *Gourley*, 198 N. Y. 486; *Lord* v. *Equitable Life Assur. Soc.*, 194 N. Y. 212; *City of New York* v. *Interborough R. T. Co.*, 53 Misc. Rep. 126; *People* v. *O'Brien*, 111 N. Y. 1; *Parker* v. *Elmira, C. & N. R. R. Co.*, 165 N. Y. 274; *Knickerbocker Trust Co.* v. *T., W. P. & M. R. Co.*, 139 App. Div. 305; Thomp. on Neg. §§ 205, 206; *Sutton* v. *New York C. & H. R. R. R. Co.*, 66 N. Y. 243; *Johnson* v. *New York C. & H. R. R. R. Co.*, 173 N. Y. 79; *Magar* v. *Hammond*, 183 N. Y. 387.)

CRANE, J. This appeal comes up from the Municipal Court by permission of the Appellate Division, which has certified that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals.

The plaintiff was the owner of an automobile passenger bus which was being operated for hire along New Chambers street, across Park row, in the borough of Manhattan, city of New York. While crossing it was struck by one of the defendant's cars, running through Park row. This

action was brought to recover for the damage done to the bus.

The plaintiff was operating this bus line under a permit from the Department of Plant and Structures of the city of New York. This, however, was not sufficient to legalize the operation. The Public Service Commission had not determined that such bus route was necessary or convenient to the public, and had not given its approval to the operation, pursuant to section 53 of the Public Service Commission Law (Cons. Laws, ch. 48). Neither had this common carrier, so designated by section 65 of the Transportation Corporations Law (Cons. Laws, ch. 63), procured the local consent or franchise required by section 66 of that law, and sections 74 and 1458 of the Greater New York charter. The plaintiff was, therefore, illegally carrying on the business of a common carrier of passengers for hire over the streets of New York. For this reason the Appellate Division determined that the plaintiff was a trespasser upon the streets, and that the defendant owed him no duty other than not to willfully and recklessly injure his property; that it was not liable for the damages caused to the bus through ordinary negligence, or the failure to exercise ordinary care.

Whether the failure of the plaintiff to obtain the proper consents and authority to operate the bus line prevents the recovery of damages for negligence depends upon whether such failure caused or aided in causing the accident; whether there be a connection, a logical connection, a reasonable sequence of events between the lack of authority to operate the bus line and the collision.

Some other facts must be considered. The plaintiff's bus was not illegally in the street. The illegality did not consist in operating an automobile bus, as the vehicle had been properly licensed and the chauffeur duly authorized to operate it. The illegality consisted not in the operation and the use of the streets, but in the carrying of passengers for hire; it was the use to which the vehicle was put and

not the vehicle itself which was unauthorized upon the streets of New York. Therefore, if the bus had been carrying goods or had been used for other purposes than carrying passengers, the accident would have happened just the same. Again, if the plaintiff had been running the passenger bus legally, had all the consents required by law, the accident likewise would have happened. Thus we see that there is no connection whatever between the failure to obtain the permission to carry passengers for hire and the collision due to the negligence of the defendant's motorman. Of course it can be said that if the plaintiff could not have carried passengers for hire, he probably would not have operated the bus line. Of course if the bus had not been there, it would not have been struck. It was there, it was damaged, as we must assume for this case, through the negligence of the defendant, and the question is not what caused it to be there, but what, if anything, on the plaintiff's part, contributed at the time in causing the collision. It is the accident, and not the mere presence of the bus that we must deal with. We do not see how the failure to have a license to carry passengers has anything to do with the cause of the accident. The accident would have happened and the defendant's negligence would have been the occasion — no more and no less, if the use had been licensed or the bus had been carrying articles of merchandise.

The Public Service Commission Law, in section 56, provides what shall happen in case of the failure to comply with any of its provisions. The public carrier shall forfeit a sum not to exceed $5,000 for each offense, and the person who procures or aids the common carrier in the violation shall be guilty of a misdemeanor. These penalties have been prescribed by the Legislature; the courts must not add others. It is only in the case where a violation of a statute or an ordinance has such a direct connection with the injury which has been received as to

form and be a part of the act causing the injury that the law goes further and may in a proper case bar recovery for the injury done. (*Corbett* v. *Scott*, 243 N. Y. 66; *Brown* v. *Shyne*, 242 N. Y. 176.) As we frequently express it in legal phraseology, the provisions of the Public Service Commission Law and of the Greater New York charter, above referred to, relating to franchises for common carriers were passed in the interest of the public, and not for the direct safety and welfare of the person on the street, like the defendant or the defendant's motorman.

This application of the law has likewise been made in other States. (*Spencer* v. *Phillips & Taylor*, 219 Mich. 353; *Armstead* v. *Lounsberry*, 129 Minn. 34; *Derr* v. *Chicago, M. & St. P. Ry. Co.*, 163 Wis. 234; *Cobb* v. *Cumberland County Power & Light Co.*, 117 Me. 455; *Muller* v. *West Jersey & S. R. R. Co.*, 99 N. J. 186; *Wolford* v. *City of Grinnell*, 179 Ia. 689; *Marquis* v. *Messier*, 39 R. I. 563; *Gilman* v. *Central Vermont Ry. Co.*, 93 Vt. 340; *Switzer* v. *Sherwood*, 80 Wash. 19.)

We do not think that section 1530 of the Penal Law, upon which some emphasis has been laid in the courts below, applies to this situation. It cannot be said that the bus, within the meaning of that section, became a public nuisance, was interfering with and obstructing the streets when it was legally on the street, although used for an unauthorized purpose.

For these reasons the order of the Appellate Division should be reversed and the determination of the Appellate Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.