ETHEL COSTELLO, by WILLIAM COSTELLO, Her Guardian ad Litem, Claimant, v. THE STATE OF NEW YORK, Defendant.

### Claim No. 18117.

Court of Claims, January 5, 1928.

State — claims against — claim by passenger of automobile for injuries arising when automobile collided with abutment of bridge — State not liable where proof shows night was dark and foggy and vehicle was being driven twenty-five miles an hour without protest from claimant.

Claimant, who, while occupying the front seat of an automobile, suffered injuries when the vehicle left the highway and collided with the abutment of an old bridge, cannot hold the State liable where the proof shows that the night was dark and foggy and the vehicle was being driven twenty-five miles an hour over an eighteen-foot concrete highway, in which there were no defects; the operator of the vehicle was guilty of negligence in driving, under such circumstances, at twenty-five miles an hour, and plaintiff was guilty of contributory negligence in riding at that speed with him, without protest.

CLAIM by passenger in automobile for injuries sustained when automobile left highway and ran into abutment of old bridge.

*Gardner & Moseson*, for the claimant.

*Albert Ottinger, Attorney-General* [*Jonathan D. Wilson, Deputy Assistant Attorney-General*, of counsel], for the defendant.

POTTER, J. The claimant in this case, Ethel Costello, an infant of the age of seventeen, was injured on a State patrol'ed highway on August 24, 1925. Her father was duly appointed her guardian *ad litem* for the purpose of presenting the claim to this court. The facts so far as pertinent to this matter are that she and another girl, a married man by the name of Gilbert and a young man by the name of Bernell Feese started out in a Buick touring car from the city of Elmira at about eight o'clock in the evening of the 24th day of August, 1925, and drove to Bath. On their return, passing over the highway which they had traveled less than four hours before, the automobile left the eighteen-foot concrete highway and ran into the abutment of an old bridge, injuring the claimant somewhat seriously. Her ankle was broken and her face was cut in several places leaving scars thereon. The accident which caused

the injury occurred about eleven-forty-five at night or less than four hours from the time they had passed over the same road going toward Bath. The testimony in the case shows that on their return at the particular place where the accident occurred at the bridge over Sing Sing creek, the night was dark and very foggy and that they were driving twenty-five miles an hour. There were no defects in the State highway and while it deflected slightly from the old road, the curve was not such as to make it dangerous for persons using the same in a prudent manner. The driver of the car was undoubtedly guilty of negligence in driving at the rate of twenty-five miles an hour on a dark and foggy night, and the claimant was guilty of contributory negligence in riding at that speed with him while occupying the front seat of the car. While I am aware that a passenger in a car stands in a different position from the driver thereof if the passenger is injured, nevertheless if the facts disclose, as they do in this case, that she made no protest as to the rate they were driving and was injured, she is precluded, in my judgment, from having a recovery for the injuries received. The highway was eighteen feet in width, concrete, and there was no apparent reason appearing in the case why the car should have been driven off from the highway and into the abutment of the old bridge.

It is true that when the new highway was put through and the old highway abandoned the new highway did not follow the line of the old road, but there was no place left along the line of the new highway which, in my judgment, required the placing of a guard thereon for persons using the same.

The claim should be dismissed on the merits.

PARSONS, J., concurs.