RALPH WORMUTH, Respondent, v. LEWIS WORMUTH, Appellant.— Defendant appeals from a judgment in favor of the plaintiff, and from orders denying defendant's motion to dismiss the complaint and for a new trial. The complaint alleged a cause of action by a passenger against the owner and driver of an automobile, charging negligence, carelessness and recklessness in the operation of the car which collided with a truck while being driven upon the public highway, resulting in alleged injuries to the plaintiff. The facts are uncontradicted, no testimony being offered by the defendant. The accident occurred February 27, 1935, in the State of Pennsylvania. The parties are brothers, who live in Narrowsburg, N. Y., on the Delaware river, which divides New York and Pennsylvania. The defendant had read a newspaper advertisement by a firm located in Binghamton advertising for a salesman and saying that applicants would be received at nine o'clock the following morning. Defendant decided to apply for the position and invited his brother to ride with him in his automobile to Binghamton. The invitation was accepted by the plaintiff. The defendant wanted to be the first to apply for the job and had to be in Binghamton at nine A. M. The plaintiff and defendant, who lived in the same house, arose early, had their breakfast and left their home at six o'clock to get the car. It took twenty minutes to walk to the garage where the car was stored. They had difficulty in getting the car out. They did not leave for their destination until between seven and seven-fifteen A. M. The accident occurred between eight and eight-thirty A. M. and they traveled seventy-three miles during that time. The route took them from their home at Narrowsburg on a bridge over the Delaware river into Pennsylvania and thence through Indian Orchard, Honesdale, Carbondale, Waymart, Kingsley and Alford to the point of the accident in Pennsylvania. A great deal of snow had fallen on the hilly, mountainous section of Pennsylvania. Snow plows had cleared the roads out by pushing the snow to one side. Ice and snow covered the entire surface of the road over which they traveled from their home to the point of the accident. The road was icy and slippery. The plaintiff was an experienced driver. He was an automobile salesman and handled many cars. Throughout the journey he sat on the right of the driver where he could clearly see the speedometer. At first they drove from fifty to fifty-five miles per hour. That speed was maintained for a distance of eleven miles. Plaintiff looked at the speedometer and said to his brother: " Slow up, you are hitting it up too fast," to which the driver replied: " I can't go any slower, I got to get there to Binghamton." The plaintiff warned his brother the second time that he was going too fast. The plaintiff repeatedly told his brother that he was going too fast over the kind of a road they were traveling and asked him to slow up. Defendant's reply was always that he had to be at Binghamton by nine o'clock. They stopped at the city of Honesdale, a distance of sixteen

miles from home, to get gasoline. Plaintiff and defendant both got out of the car and went inside the garage and stayed five minutes. The plaintiff re-entered the car and continued the journey. They then started going fifty-five to sixty miles an hour, and plaintiff again asked the defendant to cut down the speed, and his reply was the same as before. The speed was not reduced. They stopped two times in Carbondale for traffic lights. The plaintiff did not get out and made no attempt at either stops to leave the car. Plaintiff, after leaving Carbondale, again spoke to the defendant and told him he was going too fast. He did not slow up. The plaintiff stayed in the car voluntarily. He did not ask defendant to stop and let him out. From Waymart to the point of the accident the road was covered with snow and ice and the defendant drove fifty miles an hour. Upon rounding a bend they saw 500 feet ahead a truck proceeding in the same direction. They continued their speed at fifty miles an hour and when within fifteen feet of the rear of the truck the defendant pulled out to pass the truck which they had overtaken, and then saw a truck coming in the opposite direction. Plaintiff said: " Here is a truck coming, you can't make it past this truck." The defendant attempted to turn back, put on the brakes, the car skidded and was hit by the oncoming truck which shoved the car some distance. No evidence was introduced by the defendant. Defendant asks a reversal of the judgment upon the ground that the plaintiff was guilty of contributory negligence as a matter of law and that defendant's motion to dismiss the complaint should have been granted. The cases of *Sheehan* v. *Coffey* (205 App. Div. 388); *Joyce* v. *Brockett* (Id. 770) and *Clark* v. *Traver* (Id. 206), and many other cases are authority for the proposition that a passenger cannot sit idly by and permit a reckless driver of a car to continue without objection and not be charged with negligence, and neither can the passenger, if he makes objections to the reckless speed or careless management of the car, if his remonstrances are unheeded, continue as a passenger in the car without insisting that the car be stopped and he be allowed to depart therefrom or leave the car at the first opportunity. The failure of a passenger to act in either event constitutes contributory negligence. The trial court in the instant case submitted to the jury the question of plaintiff's freedom from contributory negligence as one of fact and the jury rendered a verdict for the plaintiff. In the case of *Nelson* v. *Nygren* (259 N. Y. 71, at p. 75) it is said: " In the last analysis, the rule governing a guest riding in an automobile is that he should conduct himself as an ordinarily prudent person would, under like circumstances. If he does he cannot be held negligent as a matter of law. Following the language adopted in the days of the stage coach and other horse-drawn vehicles, courts often add that he should call attention to apprehended danger, protest against fast driving, leave the automobile if it could be done with safety or demand that it be stopped and then get out of it. Such statements are only illustrations of what a reasonably prudent person might do under the circumstances. They do not constitute a legal standard of what a reasonably prudent person must do. The question is not whether the guest should protest against fast driving, call attention to apprehended danger, or demand that the car be stopped so that he could get out. The legal question is whether, under the circumstances, he acted with the care that a reasonably prudent man would have used under the circumstances. Who is to answer that question, the court or the jury? We believe it is for the jury to determine. The question of contributory negligence ordinarily is a question of fact." In accordance with the

ruling in this case the judgment and order appealed from should be affirmed, with costs. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.