HOWARD WEIDENFELD, an Infant, by ABRAHAM WEIDENFELD, His Guardian ad Litem, et al., Respondents, *v.* SURFACE TRANSPORTATION CORP. OF NEW YORK, Appellant.

First Department, June 15, 1945.

*Addison B. Scoville* of counsel (*Oliver R. Brant* with him on the brief; *Alfred T. Davison,* attorney), for appellant.

*Sidney J. Feltenstein* of counsel (*Thaw & Lefcourt,* attorneys), for respondents.

GLENNON, J.   This appeal is from a judgment in favor of plaintiffs in an action to recover damages for personal injuries.

The bus involved in the accident was used by the defendant on a bus line it operated over certain streets, in the borough of the Bronx, designated in the franchise granted to it by the city of New York. Rochambeau Avenue on which the accident occurred was not one of the designated streets.

The "bus stand" of the line was located on Bainbridge Avenue north of 206th Street. At that point the defendant had an inspector whose duty it was to supervise, time and control the operation of the several bus lines operated by it, that converged there. It is undisputed that shortly before the accident the regular driver of the bus brought it to a stop in the center of the roadway at the intersection of 206th Street and Bainbridge Avenue. The bus was stopped at a point where it obstructed traffic on both streets. The driver reported to the inspector that he was having trouble with the motor and that he refused to drive that particular bus any further.

In order to remove the bus from the conjested traffic, the inspector drove it south on Bainbridge Avenue for the purpose of going around the block, so as to return the bus to its stand. He found the motor of the bus to be "sluggish". At the time of the accident the bus was proceding north on Rochambeau Avenue, which defendant concedes was not one of the streets designated in its franchise. The only persons in the bus at the time were the inspector, who was driving, and the regular driver. Between the time the inspector boarded the bus and the time plaintiff was injured, no attempt had been made to take on any passengers.

At the opening of the trial the attorney for the plaintiffs moved to amend the complaint so as to contain an additional assignment of negligence based upon the operation of the bus in a street which was not covered by the defendant's franchise. The defendant did not claim surprise and the motion was granted.

During the charge the court called the jury's attention to the provisions of paragraph (a) of subdivision 3 of section 77▮ of the Traffic Regulations of the Police Department of the City of New York and charged them that, in determining the question of defendant's negligence, they were to consider all of the evidence, "including the concession of counsel that the bus was proceeding along an avenue not commonly used by buses." To this part of the charge an exception was duly noted.

Paragraph (a) of subdivision 3 of section 77 (now▮ § 141, subd.

1) of the said traffic regulations provides as follows: " 3. (a) No person shall operate or move or cause to be operated or moved on any highway an omnibus operating pursuant to a franchise or consent of the Board of Estimate of the City of New York which designates the route to be followed, except on the route so designated; no person shall operate or move or cause to be operated or moved on any highway any other omnibus, other than a charter omnibus, except over a route designated by the Police Commissioner in writing."

The regulation as here quoted does not apply to a bus which, under circumstances such as are here disclosed, deviates from its authorized route but takes on no passengers, while off the streets designated in the franchise. It merely prohibits the operation of a bus line over undesignated streets. That this is so clearly appears when the definitions set forth in section 1 of the regulations are examined. An " omnibus " is there defined to mean a " motor vehicle designed, adapted or used for the transportation of passengers, *operating for hire* " (Italics mine). Therefore, unless a bus, used pursuant to a franchise, is " *operating for hire* " while on an undesignated street, it is not an omnibus within the meaning of the regulation. The prohibition is directed to the use to which the motor vehicle is put while off its authorized route and not to its mere presence on the street. Since the defendant's bus was not " operating for hire " while on Rochambeau Avenue, no violation of the regulation had been committed.

Moreover we are of the opinion that, even if the bus had been " operating for hire ", the charge would still have been improper, because it does not appear from this record that there was any causal connection between such use and the accident. (*Klinkenstein* v. *Third Avenue Ry. Co.*, 246 N. Y. 327.)

The court also charged the jury that the infant plaintiff, a boy just past his fourth birthday at the time of the accident, was " what we call *non sui juris*, that is, presumed not to be able to care for himself alone and unattended on the streets and not able to exercise his own judgment ", and that, therefore, the child was not to be " charged with contributory negligence." To this portion of the charge an exception was also duly noted.

Age alone does not determine the ability of a child to care for itself or to exercise its own judgment in the face of threatening danger. The child's intelligence, experience and ability are also factors to be considered. An infant may not be considered *non sui juris* as a matter of law unless that is the only

logical inference which may be drawn. Where conflicting inferences may be drawn, the question of the infant's contributory negligence, as in the case of an adult, is to be left for the jury to determine. (*Camardo* v. *New York State Railways,* 247 N. Y. 111.)

While an infant is not expected to exercise the same degree of care required of an adult, he nevertheless is expected to exercise such degree of care as is commensurate with his age, experience, intelligence and ability. (*Camardo* v. *New York State Railways, supra; Serano* v. *N. Y. C. & H. R. R. R. Co.,* 188 N. Y. 156; *Costello* v. *Third Avenue Railroad Co.,* 161 N. Y. 317; *Zwack* v. *N. Y., L. E. & W. R. R. Co.,* 160 N. Y. 362; *Wendell et al.* v. *N. Y. C. & H. R. R. R. Co.,* 91 N. Y. 420.)

The degree of care will, of course, vary in each case depending upon the age and capacity of the child, so that where conflicting inferences are permissible, the test in determining the contributory negligence of a child of a given age, is whether it acted in a manner reasonably to be expected of a child of like age and capacity under similar circumstances. That question being one of fact should be left to the jury.

For the reasons assigned, the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.