GEORGE J. GLENDENNING, Individually and as Guardian ad Litem of GEORGE W. GLENDENNING, an Infant, Respondents, v. WALTER FELD, Defendant, and ELEANORE LENNEY et al., Appellants.

Fourth Department; April 13, 1955.

*Brock, Brock & Chirlin (Alfred M. Zisser* of counsel), **for** respondents.

*Harold J. Tillou* for appellants.

VAUGHAN, J. We are called upon to determine whether, under the facts and circumstances disclosed by this record, the conduct of the infant plaintiff George W. Glendenning, while riding as a guest in an automobile, constituted contributory negligence as matter of law so as to preclude recovery against the owner of the car and the driver who have been found to be negligent. We recognize that the negligence, if any, of a passenger is ordinarily a question of fact for the determination of a jury. (*Nelson* v. *Nygren,* 259 N. Y. 71, 76.) We feel, however, that in the instant case where there is no dispute as to the facts, the only conclusion to be drawn therefrom is that the infant plaintiff was guilty of contributory negligence as matter of law. The facts are these.

On the afternoon of February 14, 1953, the infant plaintiff and two other boys were riding as guests in an automobile being operated by the defendant Ralph Lenney with the knowledge and consent of his mother Eleanore Lenney, the owner of the

car. When the car reached the intersection of McKinley Parkway and Lake Avenue in the town of Hamburg, the Lenney car was in collision with another automobile being operated by one Walter Feld. The jury found the operator of the Lenney car solely responsible for the accident and the question of that operator's negligence seems to be conceded. The undisputed facts disclose that Lenney was eighteen years of age at the time and that the infant plaintiff, a young man of intelligence, was sixteen years of age. At the time of trial, a year following the accident, he was a sophomore in Orchard Park Central High School. It is his story that he did not observe the Feld car until it was in the intersection — just a split second before the crash.

Upon his direct examination and upon his cross-examination by the attorneys for the codefendants, the infant plaintiff admitted that at the time of the collision the Lenney car was being operated at a very fast rate of speed and had been for some time prior to the collision. One of the witnesses estimated the speed of the car at least sixty miles an hour. Plaintiff was seated in the rear seat directly behind the operator and was fully aware that the car was being operated at an excessive rate of speed. He admitted repeatedly that the car was being driven not only very fast but at a dangerous rate of speed and that it continued to be operated at such rate of speed right up until the point of the accident and that he realized that the car was being operated in a careless manner and at a dangerous rate of speed.

At no time did he protest or make any complaint about the manner in which the car was being operated and at no time did he suggest that the operator slow down or stop and afford him an opportunity to alight from the car. He had three such opportunities, once when the defendant stopped to let a companion out at his home, another occasion when they stopped to get cigarettes and the last time when they stopped to get gasoline. Apparently young Lenney was known generally to be a fast driver, for the evidence discloses that Glendenning's father had forbidden him to ride with the Lenney boy because of the reputation that he had of being a fast driver and because the father felt that it was dangerous for his son to ride with such a driver.

In view of the admissions made by the infant plaintiff that he realized the dangerous manner in which the car was being operated and made no protest thereto, we reach the inescapable conclusion that he was guilty of contributory negligence as matter of law and that the complaint should be dismissed (see

*Joyce* v. *Brockett,* 205 App. Div. 770, affd. 237 N. Y. 561; *Clark* v. *Traver,* 205 App. Div. 206, 207–208; *Sheehan* v. *Coffey,* 205 App. Div. 388; *Reilly* v. *Rawleigh,* 245 App. Div. 190; *Costello* v. *State of New York,* 131 Misc. 65; *Weidenfeld* v. *Surface Transp. Corp. of N. Y.,* 269 App. Div. 341, and *Fox* v. *Mission of Immaculate Virgin,* 285 App. Div. 898).

*Wormuth* v. *Wormuth* (252 App. Div. 828), cited by respondent, is clearly distinguishable. In that case plaintiff cautioned his brother, with whom he was riding, on three occasions to slow down because of the slippery condition of the highway. He had opportunities to leave the car but on each occasion was miles from home. In the case under review when the car stopped for gasoline, plaintiff was only a few blocks from his home. It also appears in the instant case that at no time did the plaintiff make any protest as to the manner in which the car was being operated or suggest that the driver slow down. The court left it for the jury to determine whether the infant plaintiff, considering his age, was negligent in continuing to ride with the defendant. This we think was error. The plaintiff was fully aware of the negligent manner in which the car was being operated.

The facts have been considered and in our opinion reversal would in any event be required as the verdict is clearly against the weight of the evidence. It is our feeling, however, that the infant plaintiff is guilty of contributory negligence as matter of law and that a new trial is not warranted in view of his admissions that he knew and appreciated the danger arising from excessive speed but took no steps for his own protection.

It follows that the judgment in favor of the infant plaintiff as well as that in favor of his father in the father's derivative action should be reversed and the complaint should be dismissed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment insofar as appealed from and order reversed, on the law, without costs of this appeal to any party and complaint dismissed, without costs.