■ RAMONA BOBBE, as Executrix of CHRISTOPHER H. BOBBE, Deceased, et al., Respondents, v. ELMER CAMATO, Doing Business as ELMER'S MOTOR EXPRESS, Appellant, et al., Defendant.— In a negligence action to recover damages for wrongful death and personal injuries resulting from an automobile accident, defendant Camato appeals from a judgment of the Supreme Court, Queens County, entered July 30, 1965, in favor of the plaintiffs upon a jury verdict. Judgment reversed on the law and a new trial granted, with costs to abide the event. No questions of fact have been considered. The record demonstrates that the jury could find that the defendant was confronted with an emergency situation at the time of the accident. Under these circumstances, the defendant was entitled to a charge that, if the jury believed that his driver was faced with an emergency which he did not create, he is not to be held liable if he failed to exercise the best judgment in the emergency (*Rowlands* v. *Parks*, 2 N Y 2d 64; *Meyer* v. *Whisnant*, 307 N. Y. 369; *Lewis* v. *Long Is. R. R. Co.*, 162 N. Y. 52; *Breckir* v. *Lewis*, 21 A D 2d 546, affd. *sub nom. Breckir* v. *Pleibel*, 15 N Y 2d 1027). We are also of the opinion that it was error to fail to instruct the jury that the injuries received in the accident could be found to be a proximate cause of the death if the medical proof demonstrated that the injuries were a competent producing cause of the death, though not the exclusive cause (*Dunham* v. *Village of Canisteo*, 303 N. Y. 498, 504). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.