■    Donald F. Freyer, Appellant, v. Alfred C. Gangi et al., Respondents. (Appeal No. 1.)— Judgment and order unanimously reversed on the law and facts and new trial granted, with costs to abide the event. Memorandum: In these three negligence actions tried together plaintiffs were passengers in a Plymouth automobile owned and operated by one Beilen when it collided in the nighttime with a Chevrolet automobile operated by defendant Melnick with the consent of defendant Gangi, the alleged owner. It appears that the Chevrolet stalled in the east lane of Bennett Road, a four-lane north-south highway which had a raised mall in the middle. Defendant Melnick decided to move his automobile off this highway onto a side road running westerly therefrom, at his left, and while his erstwhile passengers pushed he steered the vehicle across the two north-bound lanes of the highway to the mall. At that time Beilen, driving northerly on this highway with plaintiffs and others as passengers, came upon the scene and struck the Melnick vehicle and some of those pushing it, causing serious injuries and death. There was evidence that all persons involved had drunk alcoholic beverages during that evening; that the point where the Melnick vehicle was being pushed was only a short distance northerly of a rise in the highway, followed by a downgrade to the point of the collision; that Beilen had three passengers on the front seat with him besides others on the rear seat, and was driving between 40 and 50 miles per hour; and that he did not apply his brakes until his vehicle was close to the Melnick automobile. The evidence was conflicting as to whether there were lights on the Melnick vehicle. The court charged that since plaintiffs were all passengers in the Beilen vehicle, they must prove that they exercised reasonable care for their own safety and that the defendants were negligent and that such negligence was the proximate and procuring cause of the accident. He added that plaintiffs asserted that defendants were the sole cause of the accident, and then charged that each driver had the duty to have his vehicle under control and drive at a speed in compliance with section 1180 of the Vehicle and Traffic Law. In the circumstances of this case the question of plaintiffs' contributory negligence was clearly one of fact for the jury (*Barber* v. *Kennedy,* 22 A D 2d 965, affd. 16 N Y 2d 945; *Piarulli* v. *Lason,* 35 A D 2d 605; *Eisenberg* v. *Green,* 33 A D 2d 756; *Flansberg* v. *Lehman,* 23 A D 2d 946; *Burnell* v. *La Fountain,* 6 A D 2d 586, 591; cf. *Glendinning* v. *Feld,* 285 App. Div. 604, affd. 309 N. Y. 867). Plaintiffs excepted to the charge as unclear and failing to inform the jury that regardless of the driver's (Beilen's) negligence, plaintiffs could recover against defendants if Melnick was negligent in a manner contributing to the collision and if the jury should find plaintiffs free from contributory negligence. Plaintiffs argued this point specifically and strongly and urged the court to make it clear to the jury. When the jury was returned, the court only added in this regard that, " I want to say on the record that I charged the jury that the negligence of the defendants must be the sole proximate cause. And I change that to say, it must be one of the proximate causes of the accident." The jury returned its verdict of no cause for action, and the court denied the motion to set it aside. The court's effort to clarify the charge was skimpy and resulted in a confusing instruction with respect to the point at issue and wholly inadequate to inform the jury as to the guiding legal

principles involved (see *La Gattuta* v. *Central Hudson Gas & Elec. Corp.*, 40 A D 2d 686; *Iwanicki* v. *Muszynski*, 33 A D 2d 654; I NY PJI 176–177; 1971 Supp., pp. 71–72). Although plaintiffs did not pursue the matter further and did not except to the court's addition to the charge, we find that they had made every reasonable effort to have the court correct its charge and were entitled to conclude that any further effort by them would be futile. At any rate, in the interest of justice plaintiffs are entitled to have their case considered in the light of a correct charge. We have considered the other claims of error and find them to be without merit. Because of the confusion created by this charge, the order and the judgments should be reversed and a new trial granted. (Appeal from judgment and order of Chautauqua Trial Term dismissing complaint in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Simons and Henry, JJ.