■ KENNARD Y. SCHWAMB, Doing Business as COWHIG PHARMACY, Appellant, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent.—In an action *inter alia* to declare that defendant is obligated to defend plaintiff in a certain action, plaintiff appeals (1) from an order of the Supreme Court, Dutchess County, dated September 18, 1975, which (a) denied his motion for summary judgment and (b) granted defendant's cross motion for summary judgment and (2) as limited by his brief, from so much of a further order of the same court, dated October 23, 1975, as, upon renewal, adhered to the original determination. Appeal from the order dated September 18, 1975 dismissed as academic. That order was superseded

by the order made upon renewal. Order dated October 23, 1975 reversed insofar as appealed from, on the law; plaintiff's motion for summary judgment is granted; defendant's cross motion for summary judgment is denied; and it is declared that defendant is obligated under the terms of a certain insurance policy to defend plaintiff (1) in the action brought against him by one Ethel Z. Brooks in the Supreme Court, Dutchess County, and (2) on the cross claim asserted against him by defendant Ted M. Sypek. No fact findings were presented for review. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. On June 24, 1971 a female customer of the plaintiff pharmacist consulted her physician with reference to a condition, for which he prescribed Aristocort tablets. She presented the original prescription, which bore no instructions as to refilling or not refilling it, to plaintiff and he gave her the prescribed medication. She thereafter continued as a patient of the doctor and continued to have plaintiff refill the prescription. Assertedly suffering side effects, she sued her doctor and the plaintiff to recover damages for personal injuries allegedly caused by their negligence and malpractice. The doctor, seeking indemnification, cross-claimed against the plaintiff pharmacist. The pharmacist forwarded the summons and complaint to the defendant insurer which had issued him a policy of druggists' liability insurance. The insurer disclaimed liability and refused to defend him against his customer's action, or the doctor's cross claim therein, on the ground that the policy, by its terms, did not apply to bodily damage caused by willful violation of a penal statute committed by or with the knowledge or consent of the insured. (The penal statute in question [Education Law, § 6811, subd 19] refers to subdivision 2 of section 6810 of the Education Law, which prohibits the refilling of a prescription unless it bears a contrary instruction and indicates on its face the number of times it may be refilled. The plaintiff pharmacist commenced this present action against his insurer for a judgment declaring that it was obligated, under the policy, to defend him against both his customer's action and the doctor's cross claim. After joinder of issue, the plaintiff moved for summary judgment and the defendant insurer cross-moved for summary judgment in its favor declaring that it was not obligated to defend him under its policy. Special Term denied plaintiff's motion and granted defendant's cross motion. The plaintiff's motion for renewal was granted and, upon renewal, the court adhered to its original determination. The defendant was granted summary judgment on the ground that the customer's action came within the exclusionary clause in the policy. However, the statute (Education Law, § 6810, subd 4) provides, in part, that: "An oral authorization for the refill of a prescription, other than a prescription for a depressant or stimulant drug or a narcotic, may be made by a practitioner legally authorized to prescribe drugs. The pharmacist receiving the oral authorization for the refill of a prescription shall write on the reverse side of the original prescription the date, time, and name of the practitioner authorizing the refill of the prescription." No one claims that Aristocort is a depressant or stimulant drug or a narcotic. The original prescription here bore no instructions as to refilling or not refilling, and plaintiff refilled it for his customer a number of times over a period of several years. He states, in an affidavit, that he refilled it because his customer and her husband told him on a number of occasions that "the doctor had verbally authorized me to fill the prescription through her." The defendant insurer offered no proof to contradict this statement by plaintiff, and we accept it as true for the purposes of this appeal. The statute is silent as to whether the doctor's oral authorization must be made directly to the pharmacist or whether it may be

made, as here, through an intermediary. The customer's lawsuit is predicated, with respect to the pharmacist, upon the repeated refilling of the prescription (at her request) and her continued use of the medication, which allegedly resulted in the injuries complained of. She also alleges that he was negligent in failing to tell her not to have the prescription refilled without checking with her doctor, or in failing to check with the doctor himself to verify that he wanted the prescription refilled. True, the plaintiff pharmacist violated the statute by not writing the information required in the case of oral authorization to refill on the reverse of the original prescription, but this violation clearly had no causal connection with his customer's injuries (cf. *Klinkenstein v Third Ave. Ry. Co.,* 246 NY 327). Her injuries were thus not caused by plaintiff's violation of the penal statute. We therefore hold that there is coverage under the policy and that the defendant insurer is obligated to defend the plaintiff against his customer's action and against the doctor's cross claim therein. We express no opinion as to the merits of that action. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.