■ ELLEN GALIOTO et al., Appellants-Respondents, v LAKESIDE HOSPITAL et al., Defendants, and WILLIAM BLOOM, Respondent-Appellant.—In a medical malpractice action, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered February 26, 1985, which, upon a jury verdict, was in favor of the defendant Bloom. The defendant Bloom cross-appeals from an order of the same

court, dated November 15, 1985, which granted the plaintiff's motion to set aside the jury verdict and ordered a new trial.

Appeal from the judgment entered February 26, 1985 dismissed. That judgment was superseded by the order dated November 15, 1985.

Order dated November 15, 1985 affirmed.

The plaintiffs are awarded one bill of costs.

CPLR 4404 (a) authorizes the court in its discretion to order a new trial in the interest of justice upon a motion of either party or on its own initiative. The Judge who has presided over the trial is in the best position to evaluate errors to determine if they are likely to have affected the verdict (see, Micallef v Miehle Co., 39 NY2d 376; Nicastro v Park, 113 AD2d 129).

The court did not abuse its discretion in ordering a new trial in the interest of justice based on its erroneous instruction on proximate cause. The court charged that if the defendant Bloom was found to be negligent, the plaintiff could only recover if this negligence was determined to have been *the* proximate cause of the plaintiff Ellen Galioto's injury. In its answers to interrogatories, the jury found the defendant Bloom negligent, but found that his negligence was not the proximate cause of the plaintiff Ellen Galioto's injury.

It is well-settled law that in order for a plaintiff to recover damages, a defendant's negligence need not be the sole cause of the injury; it need only have been a substantial factor in bringing the injury about (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507; Bobbe v Camato, 26 AD2d 627; Freyer v Gangi, 42 AD2d 832). Therefore, the court in its charge should have used the phrase "a proximate cause" rather than "the proximate cause" to convey the proper law to the jury and avoid confusion (see, Freyer v Gangi, supra; see also, PJI 2:70).

The defense position was that the injured plaintiff's back pain was caused by various other factors rather than the defendant Bloom's failure to remove a pseudomeningocele. The court's erroneous charge may have led the jury to conclude that they had to find the defendant Bloom's negligence to be the sole cause of the injured plaintiff's back pain.

Accordingly, the court properly exercised its discretion in granting the plaintiffs' motion to set aside the jury verdict and ordering a new trial. Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.