■ GLENN A. SWOBODA, Appellant, v WE TRY HARDER, INC., et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Sacks, J.), entered August 9, 1985, which is in favor of the defendants and against him, upon a jury verdict.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, and a new trial is granted, with costs to abide the event.

This action arose from a traffic collision between a motorcycle driven by the plaintiff and an automobile driven by the defendant Benjamin Angel. The street on which the collision occurred had a slight incline (approximately 2 to 3%) which crested about 167 feet south of the site of the collision. Just prior to the accident, the plaintiff was riding his motorcycle

north on a downhill grade. The defendant Angel was emerging from a driveway on the east side of the street in an effort to make a left turn into the street's southbound lane. The plaintiff's motorcycle made contact with the rear portion of Angel's vehicle either as it crossed the northbound lane or immediately after it had completed this crossing.

At the trial, the plaintiff testified that he was driving 25 to 30 miles per hour before the collision. However, when Angel took the stand, he was permitted to testify, over objection, that the plaintiff's motorcycle was traveling 60 to 65 miles per hour before the accident. The only foundation for this testimony was Angel's statements that he had been driving automobiles for 31 years and had estimated the speed of moving objects during that period of time. Angel also testified that, before entering the road, he had checked for traffic, could see all the way to the crest of the hill and saw no traffic before attempting to turn onto the road.

On this appeal, the plaintiff contends that the court committed reversible error when it permitted Angel to testify that the plaintiff's motorcycle was traveling 60 to 65 miles per hour before the collision. We agree. A lay witness will ordinarily be permitted to testify as to the estimated speed of an automobile, based upon the prevalence of automobiles in our society, the frequency with which most people view them at various speeds and an adequate foundation that the witness has estimated the speed of automobiles on prior occasions *(see, Larsen v Vigliarolo Bros.,* 77 AD2d 562; *Pieniewski v Benbenek,* 56 AD2d 710; *Beechey v De Sorbo,* 53 AD2d 727). In the absence of a showing that Angel was qualified to give an estimate of a specific speed at which a motorcycle was traveling, such testimony was inadmissible opinion evidence *(see, Larsen v Vigliarolo Bros., supra)*. While Angel did testify that he had been driving for 31 years and had estimated the speed of undefined "moving objects", at no time did he ever state that he had any experience in estimating the speed of motorcycles. In the absence of such a foundation, the opinion testimony as to the motorcycle's specific speed should not have been admitted *(see, People v Olsen,* 22 NY2d 230; *People v Heyser,* 2 NY2d 390; *Larsen v Vigliarolo Bros., supra)*.

The defendants argue that any error in admitting the testimony concerning the motorcycle's speed was harmless because the speed was relevant only to the question of the plaintiff's negligence, an issue which the jury never reached because it initially found that the defendant Angel was not negligent. We find this argument unpersuasive. Angel had a

duty to yield the right of way to all vehicles approaching on the street he sought to enter (see, Vehicle and Traffic Law § 1143). Here, an important factor in the jury's evaluation of whether this duty was breached was Angel's testimony that he could see all the way to the crest of the hill and did not see any approaching vehicles. This testimony was strongly supported by the improperly admitted testimony concerning the motorcycle's high speed. Had this evidence not been before the jury, it might well have rejected Angel's testimony that he did not see any vehicles on the street and reached a different conclusion as to the question of defendant's negligence. Under these circumstances, the error cannot be considered harmless.

We also find the wording of the interrogatories on the verdict sheet to be erroneous. The interrogatories made numerous references to the plaintiff's "injury", an issue which, in this bifurcated trial, was not before the jury. The interrogatories should have referred to the accident or occurrence rather than the "injury". Based on its reading of the interrogatories, the jury could have concluded that Angel's negligence was a cause of the accident but that the plaintiff was the cause of his own injuries when he upset his motorcycle in an effort to avoid the collision.

Finally, the proximate cause question in the interrogatories on the verdict sheet should inquire as to whether the negligence of the defendant Benjamin Angel or the plaintiff Glenn Swoboda was *a* proximate cause of the accident, rather than *the* proximate cause (Galioto v Lakeside Hosp., 123 AD2d 421). Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.