OPINION OF THE COURT
John S. Lockman, J.
Motion by defendant Federal Insurance Company (Federal) *54 for summary judgment is granted in part, and cross motion by defendant Atlantic Mutual Insurance Company (Atlantic) for summary judgment is granted in part. Federal is awarded judgment declaring that, as the carrier responsible for final-tier excess coverage only, it is entitled to reimbursement of sums paid to settle the underlying action from the first-tier excess carrier, Atlantic. Atlantic is awarded judgment declaring that the vehicle in question was a covered vehicle not owned by the insured, and thus entitled to excess coverage only, and not primary coverage.
This is a declaratory judgment action brought to determine the order of contribution among the above-captioned carriers, under insurance policies affording coverage to Benjamin Angel, the driver defendant in an underlying personal injury action. The order of only two policies remains contested, with primary coverage by plaintiff Liberty Mutual Insurance Company (Liberty) uncontroverted.
The first issue is whether Atlantic provides solely first-tier excess coverage, as conceded, or, as contended by Federal and Liberty, whether Atlantic shares primary coverage with Liberty. The second issue is whether Federal offered $100,000 to settle the underlying action in good faith, thus entitling Federal, as a final-tier excess carrier, to full reimbursement from Atlantic.
With regard to the nature of the coverage afforded by Atlantic, the policy of insurance provides:
"part 111
"B. 1. For any covered auto you own this policy provides primary insurance. For any covered auto you don’t own, the insurance provided by this policy is excess over any other collectible insurance”.
It is undisputed that the insured leased and did not hold title to the vehicle in question. However, Federal, supported by Liberty on this cross motion, argues that the vehicle, although leased, falls under the category of primary coverage for a "covered auto you own” on the basis of Vehicle and Traffic Law § 128. Pursuant to that section, the definition of owner "includes any lessee * * * of a motor vehicle * * * having the exclusive use thereof, under a lease * * * for a period greater than thirty days.” Federal fails to illustrate, however, how the word "owner” statutorily defined "for the purpose of [chapter 71 of the Consolidated Laws]” (Vehicle and Traffic Law § 100) has any application to the insurance agreement at issue *55 herein. Federal’s reliance on Servido v Superintendent of Ins. (77 AD2d 70, revd on other grounds 53 NY2d 1041) is misplaced. Servido does not stand for the proposition that the term owner as defined in Vehicle and Traffic Law § 128 is the definition for all insurance purposes. Servido concerned a clause governed by the New York Comprehensive Motor Vehicle Reparations Act (Insurance Law § 5101 et seq. [No Fault]). Section 5102 (e) of the Act specifically provides that the term "owner” is defined as in section 128 of the Vehicle and Traffic Law. No such provision is applicable here.
Under ordinary construction principles, words in a contract will not be construed unless ambiguous or their meaning doubtful (Central Union Trust Co. v Trimble, 255 NY 88, 94). It is the exclusive province of the court to determine whether the language is ambiguous (Schmidt v Magnetic Head Corp., 97 AD2d 151, 156). Here, the policy does not provide a definition of "owned”. However, the language does distinguish between "owned” and "leased” vehicles when intended. The description of covered automobiles includes a description of "hired” autos as "autos you lease, hire, rent or borrow”, and a description of who is insured in addition to the policyholder ("you”) states that anyone else is an insured while using, with the policyholder’s permission, "a covered auto you own, hire or borrow”. Thus the agreement at issue distinguishes between the terms own and lease, and there is no impetus to define the term "own” in any but its ordinary sense, which is to hold title (see, Vehicle and Traffic Law § 2101 [g]; cf., Dairylea Coop. v Rossal, 64 NY2d 1). Accordingly, it is declared that the coverage provided by Atlantic is first-tier excess coverage (see, State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369; Northbrook Excess & Surplus Ins. Co. v Chubb Group of Ins. Cos., 113 AD2d 319), and Atlantic is not liable in contribution to plaintiff Liberty. However, Atlantic is liable for $100,000 advanced by the final-tier excess carrier, Federal.
Atlantic argues that Federal has failed to establish that Federal is entitled to reimbursement, because Federal’s payment of damages in settlement of the underlying action may not have been in good faith. Atlantic contends that Federal settled, aware that its coverage was final excess coverage under LiMauro (supra), and that such coverage would not come into effect until exhaustion of Liberty’s primary and Atlantic’s excess coverages which total $1,250,000. Thus, Atlantic argues, Federal knew its policy was not at risk and *56 gratuitously prevented Atlantic from securing a more favorable settlement.
In the underlying action, the plaintiff suffered loss of a leg, and the Appellate Division had ordered a new trial after reversing a defendant’s verdict (Swoboda v We Try Harder, 128 AD2d 862). Under such circumstances, there can be no argument that a settlement for $350,000 was not reasonable, or that Federal was not facing some risk. A 100% plaintiff’s verdict was a clear possibility where the defendant backed out of a driveway and struck plaintiff’s motorcycle. A verdict of $2 million was also possible where the plaintiff suffered loss of his leg. Indeed, the Justice presiding in the personal injury action indicated that a 50% liability finding could result in a million dollar award for the plaintiff. Furthermore, Federal, at the time of settlement, did not "know” that Atlantic’s excess coverage was first tier and, thus, would not be applied pro rata with Federal’s. Atlantic did not admit second-tier coverage ahead of Federal until this motion for summary judgment. Accordingly, the court finds that Federal has met its burden of showing that it is entitled to judgment for $100,000 as a matter of law (CPLR 3212 [b]; see, Zuckerman v City of New York, 49 NY2d 557). Atlantic has failed to offer any evidence of bad faith which would raise a factual issue, and thus has failed to meet its burden of proof to defeat Federal’s motion for summary judgment.