■ DAVID P. CAPICCHIONI et al., Appellants, v S.A. MORRISSEY et al., Respondents. [613 NYS2d 499] —Cardona, P. J. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered November 4, 1992 in Sullivan County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered April 6, 1993 in Sullivan County, which denied plaintiffs' motion to set aside the verdict.

On July 17, 1988, plaintiff David P. Capicchioni (hereinafter Capicchioni) was driving his automobile with his wife, plaintiff Kim Capicchioni, as a passenger, on County Route 7, a two-lane road separated by a double yellow line, in the Town of Shawangunk, Ulster County. A vehicle driven by defendant S.A. Morrissey was proceeding in the opposite direction when the two vehicles entered a hairpin curve and collided on the shoulder of defendant's side of the road. After the collision, plaintiffs' vehicle proceeded some 20 feet, coming to a stop after striking some rocks.

Plaintiffs commenced a personal injury action against Morrissey and defendant Jeffrey P. Lipshitz, the owner of Morris-

sey's vehicle. Defendants counterclaimed against Capicchioni for contribution. At the bifurcated trial, each side claimed that the other caused the accident by crossing over the yellow line into the path of the other's vehicle.* The jury returned a verdict in defendants' favor finding that defendants were negligent but that their negligence was not the proximate cause of Capicchioni's injuries. Plaintiffs moved, pursuant to CPLR 4404 (a), to set aside the verdict. Supreme Court denied the motion and plaintiffs appeal.

We find persuasive plaintiffs' contention that Supreme Court committed reversible error in both its initial and subsequent instructions to the jury on the issue of proximate cause. Plaintiffs requested the standard jury instructions on proximate cause which define proximate cause in terms of an act or omission being *a* cause of an injury, i.e., "that reasonable people would regard it as *a* cause of the injury" (PJI 2:70, *and* 1 NY PJI 180 [1993 Supp; emphasis supplied]). However, Supreme Court charged, "[n]ow, an act or omission is a proximate cause of an accident if it is a substantial factor in bringing about the accident. That is, if it has such an effect in producing the accident that reasonable men and women would regard it as *the* cause of the accident" (emphasis supplied). After the jury requested clarification of the legal definition of "proximate cause", Supreme Court reemphasized the deviation from the standard instructions by stating, "[t]hat is, if it has such an effect in producing the accident that reasonable men and women were regarded *[sic]* as *the* cause of the accident. That's what proximate cause is. Okay?" (Emphasis supplied.)

Even though Supreme Court's jury charge did refer to *"a* proximate cause" and also instructed on comparative negligence, use of the phrase "the proximate cause" rather than "a proximate cause" was inappropriate, since it implied that there could be only one proximate cause for Capicchioni's injuries, i.e., defendants' negligence *(see, Galioto v Lakeside*

---

* Capicchioni testified that Morrissey's vehicle was half in the middle of the road and heading straight at him and that he (Capicchioni) could not drive onto the right shoulder because there was a telephone pole. Instead, Capicchioni hit his brakes and immediately turned to his left (crossing Morrissey's lane) and into the opposite shoulder where his vehicle was struck by Morrissey's vehicle which had also turned into the same shoulder. Capicchioni's wife testified in similar manner.

Conversely, Morrissey testified that Capicchioni was straddling the yellow line and coming right at him. Morrissey braked and swerved to the right to avoid a collision.

*Hosp.,* 123 AD2d 421, 422; *Pedersen v Balzan,* 117 AD2d 933, 935; PJI 2:70, *and* 1 NY PJI 180 [1993 Supp]). To recover damages, plaintiffs needed only to prove that defendants' negligent act or omission was a substantial factor in bringing about their injuries *(see, Root v Feldman,* 185 AD2d 409, 411; *Galioto v Lakeside Hosp., supra).*

Although plaintiffs did not object to the jury instructions on proximate cause *(see,* CPLR 4110-b) and thus failed to preserve this issue for appellate review, we nevertheless exercise our discretion to reverse in the interest of justice, as Supreme Court's instructions may have had a vital bearing on the close issue of proximate cause *(cf., Winser v Trombley,* 14 AD2d 963).

In light of our determination, it is unnecessary to consider plaintiffs' remaining contentions.

Crew III, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment and order are reversed, as a matter of discretion in the interest of justice, without costs, and matter remitted to the Supreme Court for a new trial.