■ HERIBERTO MORALES, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [704 NYS2d 122] —In an action to recover damages for personal injuries, the defendant City of New York appeals from (1) a judgment of the Supreme Court, Kings County (Jackson, J.), dated December 23, 1998, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff had sustained damages in the principal sum of $325,000, is in favor of the plaintiff and against it in the principal sum of $325,000, and (2) an amended judgment of the same court, entered March 5, 1999, which, upon a stipulation between the plaintiff and the defendant City of New York dated February 22, 1999, to amend the judgment by reducing the verdict on the issue of damages from the principal sum of $325,000 to the principal sum of $250,000, is in favor of the plaintiff and against it in the principal sum of $250,000.

Ordered that the appeal from the judgment is dismissed, as it is superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff was injured when he slipped on a patch of ice which formed next to a raised public sidewalk in Brooklyn. Expert testimony elicited at trial indicated that the raised sidewalk resulted in a pooling of water which turned to ice in the area where the plaintiff fell. The appellant had prior written notice of the raised sidewalk. Under these facts, the raised

sidewalk was a proximate cause of the plaintiff's injuries because it was a substantial factor in creating the ice on which the plaintiff slipped (*see, Nowlin v City of New York,* 81 NY2d 81; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Marren v State of New York,* 142 AD2d 717; *Swoboda v We Try Harder,* 128 AD2d 862; *Galioto v Lakeside Hosp.,* 123 AD2d 421).

Contrary to the appellant's contention, the jury verdict on the issue of damages, as reduced, did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Salazar v Fries & Assocs.,* 251 AD2d 210; *Sluzar v Nationwide Mut. Ins. Co.,* 223 AD2d 785; *Van Deusen v Norton Co.,* 204 AD2d 867). Thompson, J. P., Feuerstein, Schmidt and Smith, JJ., concur.