■ MARILYN BOLOWSKE, Appellant-Respondent, v EASTMAN KODAK COMPANY et al., Respondents-Appellants. [732 NYS2d 500] —Cross appeal unanimously dismissed and order reversed on the law without costs, complaint reinstated and new trial granted. Memorandum: Plaintiff commenced this action seek-

ing damages for injuries she allegedly sustained when her vehicle collided with a van driven by defendant Karen Albrecht and owned by defendant Eastman Kodak Company on an exit ramp from Route 390 North. Plaintiff alleged that the accident activated a latent spondylolisthesis condition that had been asymptomatic prior to the accident. Defendants presented evidence that plaintiff's spondylolisthesis was in fact symptomatic before the accident, and that the accident neither activated nor aggravated the condition. Supreme Court, although charging the jury pursuant to PJI 2:282 that defendants would be responsible for the aggravation of a preexisting condition, denied plaintiff's request to charge the jury pursuant to PJI 2:283 that defendants would be responsible for activating a latent condition. The jury found that defendants were negligent and that their negligence was a substantial factor in causing the accident, but found that plaintiff had not sustained a permanent injury to her lumbosacral spine, a significant limitation of use or impairment of her lumbosacral spine or a permanent or consequential limitation of use of her lumbosacral spine.

We agree with plaintiff that the court erred in refusing to charge the jury in accordance with PJI 2:283 and thus that reversal and a new trial are required. Plaintiff presented expert testimony that her preexisting spondylolisthesis condition was asymptomatic until the accident, and a charge pursuant to PJI 2:283, that defendants could be liable for activating that latent condition, "was critical to a fair evaluation of the evidence by the jury" (*Martin v Volvo Cars,* 241 AD2d 941, 943). Because we conclude that the court's refusal to give the charge may have impacted the jury's evaluation of the issue whether plaintiff sustained a serious injury, a new trial is necessary on all issues. We disagree with plaintiff, however, that the court erred in denying her motion for a directed verdict on the issue whether she sustained a serious injury.

Because there must be a new trial, we note that the court also erred in its charge on the issue of proximate cause. Although the court properly charged the jury that they must find that defendants' negligence was a substantial factor in causing plaintiff's injuries, it further charged that "plaintiff has to demonstrate that the August 11, 1995, accident caused her claimed injuries." That charge implies that there can be only one proximate cause of plaintiff's injuries and is therefore erroneous (*see, Gayle v City of New York,* 92 NY2d 936, 937; *Capicchioni v Morrissey,* 205 AD2d 959, 960-961).

Because defendants are not aggrieved by the order, their

cross appeal must be dismissed (*see,* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488). (Appeals from Order of Supreme Court, Monroe County, Barry, J.—Negligence.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.